## THE PEOPLE *v.* RAINS *et al.*—No. 1.

WHEN a default has been entered for a failure to answer or demur, an affidavit by the attorney that he had prepared a demurrer, but failed to file it in time, in consequence of a mistake on his part as to the day on which the time for filing would expire, is insufficient to open the default.

On application to set aside a default, it is necessary for the defendant to show that he has a good defense on the merits. Where the affidavit shows that the defense rests on matters appearing on the face of the complaint, it shows that the defense is of a technical character, and is therefore insufficient.

When a complaint contains the substantial averments of a cause of action, though defective in form and certainty, the defect is cured by a verdict or default.

Since the passage of the Act of 1861 an Assessor is only required to assess improvements on real estate and personal property in general terms and under a gross valuation, and a specific description of such property is unnecessary.

People *v.* Rains.

When a demurrer is overruled, with leave to answer, it is not necessary that the order fix the time within which the answer must be filed. The Court has power to fix such time for answering as it may deem proper; but where no time is fixed, the defendant should answer within the same time as in case of service of a copy of the original complaint.

APPEAL from the First Judicial District, San Bernardino County.

The facts are stated in the opinion of the Court.

*Sharp & Lloyd,* for Appellants.

The time required by law to answer the original complaint is ten days if served within the county, and twenty days if served out of the county; but no time is " required by law " within which a plea to an amended complaint shall be filed. But the defendant shall, according to Sec. 43, Practice Act, plead thereto " in such time as may be ordered by the Court." There being, therefore, no time " allowed by law," and none fixed by the Court, the defendants could never be brought into default, and therefore the default was improperly entered and should have been set aside. It should have been set aside on the ground of excusable neglect—the defendant having sworn to merits.

If the action is prosecuted under the Revenue Act of 1861 (Sess. Laws, 432, etc.), then the complaint is insufficient, for by the form prescribed by Sec. 40 it is made incumbent on the District Attorney to describe the improvements with the same particularity as would be required in actions for the recovery of personal property. (See Form, 433.)

The reason for requiring a particular description is because only certain defenses are allowed, as appears by Sec. 42, one of which is " that the property was exempt;" another, a denial of title.

How can the defendant plead either of these defenses unless the improvements and property are described so that he can know precisely what is, and what is not assessed? How can he deny title to the personal property when he is·not told of what it consisted?

*Horace C. Rolfe,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover delinquent taxes. The defendants appeared and demurred to the original complaint; their demurrer was sustained, and leave granted to the plaintiff to amend the complaint. An amended complaint was duly filed and served; but the defendants failing to plead thereto within ten days, a default was duly entered, with a final judgment for the amount claimed in the complaint. The defendants came in and moved the Court to set aside the default and judgment, which motion was denied, and they then appealed therefrom to this Court.

It appears that the attorneys of the defendants had prepared a demurrer to file to the amended complaint, but they failed to file it in time, in consequence of a mistake on their part as to the day on which the time for filing would expire—they, by a miscalculation of time, supposing that the time would not expire until the day after it did. In the affidavit on which the motion was founded, and which was sworn to by one of the attorneys of the defendants, he says that after a careful examination the attorneys for the defendants are of the opinion that they have a good legal defense to the complaint, as the same appears upon the face thereof. The facts set forth in excuse of the failure to plead in time are insufficient. (*Elliot* v. *Shaw*, 16 Cal. 377.) It was also necessary for the defendants to show that they had a good defense to the action, on the merits, to entitle them to an order setting aside the judgment and default. (*Gregory* v. *Ford*, 14 Cal. 141; *Gibbons* v. *Scott*, 15 Id. 284; *Logan* v. *Hillegass*, 16 Id. 200; *Woodward* v. *Backus*, 20 Id. 137.) The statement that their defense depends upon matters appearing upon the face of the amended complaint shows that their defense is of a technical character, not affecting the merits of the action, and it was therefore insufficient, and there was no error in refusing the motion.

The next error assigned is, that the amended complaint does not state facts sufficient to constitute a cause of action, in this, that there is no detailed specific description of the improvements on real estate and personal property assessed to the defendants. The real estate is described fully, and then follow these words: " and also the improvements thereon;" and in another portion of the complaint it is averred that there was duly assessed to the defendant,

"the above-described real estate, improvements on real estate, and certain personal property." Even if there was a lack of certainty and particularity in the description of the improvements and personal property, there is still a substantial averment of the facts, though defective in form and certainty, and in such case the defect is cured by a verdict or default. (*Garner* v. *Marshall*, 9 Cal. 268; *Hentsch* v. *Porter*, 10 Id. 559.) The forty-fifth section of the Practice Act provides that objections on the ground of uncertainty and the like must be taken by demurrer or answer, or they will be deemed waived.

This action is brought under the General Revenue Act of May 17th, 1861 (Stat. 1861, 419), and we had occasion to give a construction to this act on the question of the sufficiency of a description of personal property like the present in the case of *The People* v. *Eastman*, decided at the present term, in which it was held to be sufficient. The same reasons by which such a description of personal property was upheld will apply equally to "improvements on real estate." The Assessor is only required to assess such improvements in general terms under a gross valuation, and the statute does not seem to contemplate a more specific description in the complaint.

The judgment is therefore affirmed.

On petition for rehearing, CROCKER, J. delivered the following opinion—NORTON, J. concurring :

The appellant insists, in his petition for a rehearing, that the plaintiff had no right to enter a default, because the Court did not fix any time within which to answer the amended complaint, in accordance with the provisions of Sec. 43 of the Practice Act. It is the universal practice in this State to answer amended complaints within the same time after service of a copy as in case of a service of a summons with a copy of the original complaint, and it is seldom that the Court fixes any specific time by an order for answering in such cases. The defendants in this case evidently were governed by this practice, and so construed the law, as they intended to file their answer within ten days after the service of the amended complaint, but failed to do so by a mistake as to the date of the expiration of the ten days. We think that a reasonable construction of

the Practice Act sustains this practical interpretation of the law upon this subject. (See Sec. 67.) Under Sec. 43, the Court would have the power to fix such time as it might deem proper, but it does not follow that, because the Court failed to make such an order, the defendant would have an unlimited time to answer. In such case the defendant should answer within the same time as in cases of a service of a copy of the original complaint with the summons.

The rehearing is denied.