[No. 4,187.]

## PEOPLE EX REL SCANNELL *v.* WHITNEY.

WRIT OF PROHIBITION.—The trial of a case after the taking of an appeal from an order denying a motion for a change of venue, is not a proceeding without or in excess of the jurisdiction of the Court, within the meaning of Section 1,102, Code of Civil Procedure, so as to authorize the issuing of a writ of prohibition.

APPLICATION for a writ of prohibition.

An action was commenced against the petitioner, Whitney, in the District Court of the Fifteenth Judicial District, and, after an ineffectual effort to have the trial of the case continued on account of the absence of certain witnesses, he moved for a change of the place of trial to the District Court of the Nineteenth Judicial District. The motion was denied February 4th, 1874, and he appealed from the order denying it. He then moved that the trial of the action be postponed until the appeal should be determined by the Supreme Court. The Court refused to grant that motion also, and set the cause for trial on the twenty-third of February, 1874. Thereupon he made this application to the Supreme Court for a writ to prohibit the District Court from proceeding with the trial during the pendency of the appeal, on the ground that such trial would be without and in excess of the jurisdiction of the Court.

*James L. Crittenden,* for Petitioner.

By the COURT:

Conceding that the fact that the petitioner had taken an appeal to this Court from the order of the Court below, denying his motion to change the place of trial, entitled him to a continuance of the general cause in the Court below while such appeal was pending in this Court, under section 946 of the Code of Civil Procedure, and within the rule laid down in *Pierson* v. *McCahill*, 23 Cal. 127, it does not follow that the Court below has, by reason of the pendency of such appeal, lost jurisdiction of the case, or that a trial of the case pending the appeal would be a proceeding without or in excess of the jurisdiction of the Court below, in the sense of section 1,102 of the Code of Civil Procedure, so as to authorize us to issue a writ of prohibition to that Court. It might amount to an error for which the judgment would be reversed here, as was done in *Pierson* v. *McCahill*, *supra*, if that case is to be followed upon that point (a question which we will not now consider), but no case called to our attention would characterize the action of the Court below, in trying the cause under such circumstances, as an excess of jurisdiction in the absolute sense.

The application for the writ of prohibition is therefore denied.