(June 10, 1901.)

## ¡YATES v. SPOFFORD.

[65 Pac. 501.]

NEGOTIABLE INSTRUMENTS—HOLDER FOR VALUE.—A suit on a promissory note payable to A B, agent, and by him sold, indorsed and delivered before maturity and for a valuable consideration can be maintained by the holder.

PRACTICE—BURDEN OF PROOF.—Where the answer admits the execution of the note, but denies that plaintiff is the owner by purchase before maturity for a consideration and alleges want of consideration in the holder, the burden of proving such allegations is on him.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

J. H. Richards and C. C. Cavanah, for Appellant.

The appellant admits that Harry Timmons did indorse said note before maturity, but appellant contends that Harry Timmons, was not the payee of such note, and that the real payee never indorsed such note, and therefore this appellant should not be bound by such an indorsement, as he did not indorse such note for the payee therein named, but only indorsed the same as an individual and not as the owner or payee of such note. If the word "agent" as used in such note imports any notice whatever, then the respondent was bound by such notice, and cannot deprive the appellant of the right to show that as between the payee named in such note and the appellant there was no consideration whatever for the execution of such note, and the respondent also knew, at the time he claims to have received such note, that Harry Timmons represented some person other than himself in such transaction, from the fact that it so appears upon the face of this note, and also appears from the fact that Harry Timmons indorsed such note as an individual only and not as the payee of the same. (*Thurber v. Cecil Nat. Bank,* 52 Fed. 513; *Nichols v. Frothingham,* 45 Me. 227, 71 Am. Dec. 539; *First Nat. Bank of Angelica v.*

Idaho, Vol. 7—47.

*Hall,* 44 N. Y. 397, 4 Am. Rep. 698; *National Life Ins. Co. v. Allen,* 16 Mass. 399; *Bank of New York v. Bank of Ohio,* 29 N. Y. 619; *Black v. Enterprise Ins. Co.,* 33 Ind. 223; *Farmington Sav. Bank v. Fall,* 71 Me. 49.)

Wyman & Wyman, for Respondent.

As defendant was not deprived of the right to show that there was no consideration for the note or its failure or any other defense he wished to make, appellant has no cause for complaint and it is immaterial what the effect of the word "agent" may be. So that we might safely concede all that appellant claims, yet as its effect would be only as he claims, to allow the defense to be made showing want or failure of consideration and anything else that he pleaded, and he was allowed to do so, but refused to make any defense, this cause must be affirmed. The vital distinction between the power to pledge and power to sell is clearly stated in *Allen v. St. Louis Bank,* 120 U. S. 32, 7 Sup. Ct. Rep. 460. The note was properly declared upon according to its legal effect, even had it not been pleaded *in haec verba.* "A note payable to John L. Dunham, agent or bearer, may be declared upon as payable to John L. Dunham. The note was described according to its legal effect." It is a word of description only and does not change the legal effect. (*Preston v. Dunham,* 52 Ala. 217; 14 Am. & Eng. Ency. of Pl. & Pr. 510, and cases cited under note 3; *Chamberlain v. Pacific Wool Grow. Co.,* 54 Cal. 103; *Bank of Genessee v. Patchin Bank,* 19 N. Y. 315, 320; Tideman on Commercial Paper, sec. 85, 152; Randolph on Commercial Paper, sec. 156, p. 238; Meacham on Agency, secs. 432, 433, 438, 442, pp. 282, 283; *Metcalf v. Williams,* 104 U. S. 98.) The denial of ownership raises no issue, as the presumption is that the indorsee is a holder for value and the burden of proof is on the party denying it. (*Poorman v. Mills,* 35 Cal. 118, 95 Am. Dec. 90; *Scribner v. Hanke,* 116 Cal. 613, 48 Pac. 714; 4 Am. & Eng. Ency. of Law, 2d ed., 320b.) Appellant admitted the assignment and cannot deny the title. (Randolph on Commercial Paper, sec. 1651, p. 752.)

STOCKSLAGER, J.—This action is based upon a promissory note, to wit:

"$136.75.                    Boise, Idaho, April 28th, 1899.

"Six months after date, for value received, I, we, or either of us, promise to pay to the order of Harry Timmons, agent, $136.75, at the Capital State Bank of Idaho, Limited, Boise, Idaho, without defalcation or discount, with interest at the rate of six per cent per annum from maturity until paid, both before and after judgment. It is also stipulated that, should this note be collected by an attorney, whether by suit or otherwise, —— per cent shall be allowed the holder as attorney's fees.

(Signed)     "JUDSON SPOFFORD."

By the complaint it is shown that this note was sold, indorsed, and delivered to plaintiff by Harry Timmons before maturity for a consideration, and that he is still the owner and holder thereof. The answer denies that on the twenty-eighth day of April, 1899, or at any other time, defendant made, executed, or delivered to Harry Timmons this note or any other note. Admits that the defendant executed the note, but alleges that there was no consideration of any nature or kind for the execution of said note, all of which was well known to said plaintiff prior to the time such note came into the possession or under the control of said plaintiff. Alleges that Harry Timmons was agent of the Equitable Life Insurance Company of New York at the time of the execution of said note; that said note was executed and delivered to the said Harry Timmons as the agent of the said Equitable Life Insurance Company, and was given with the distinct understanding that the same was to be for the premium of the life insurance policy to be executed and delivered by said Equitable Life Insurance Company for $5,000, and that the same was to be delivered to this defendant within ten days from April 28, 1899, or upon failure so to do, the said note was to be returned to this defendant; that the said life insurance policy was never delivered to defendant—all of which was well known to plaintiff prior to the time of his alleged ownership of said note, and all of which more fully appears by a written contract made by the said Harry Timmons, agent of the said Equitable Life Insurance Company, which contract is as follows:

"Boise City, Idaho, April 28th, 1899.

"Received of Judson Spofford two notes of even date herewith, aggregating $226.75, in full for first annual payment $5,000 insurance in the Equitable Life of N. Y.; said notes to be returned if policy is not delivered to him in ten days from this date; policy to take effect from this date.

"HARRY TIMMONS,
"Special Agent."

Upon the issues thus formed this cause was tried, a jury having been waived. Plaintiff offered in evidence the note above referred to, to which defendant objected. The note was read in evidence, and marked Plaintiff's Exhibit "A." Plaintiff rested. The defendant moved for a nonsuit, which motion was overruled. The defendant refused to offer any evidence. The court rendered judgment for the face of the note, with interest and costs. Defendant alleges the following errors: "1. The evidence introduced in said cause is insufficient to justify the decision of the court, as follows: The note introduced in evidence shows that the same was made payable to Harry Timmons, agent, and not to Harry Timmons as an individual, and shows that Harry Timmons as an individual indorsed said note to the plaintiff, and that such note was not indorsed in the name of the true owner, and that there is no evidence to show any consideration given by the plaintiff for the assignment of such note, and there is no evidence to show that the plaintiff is the owner or holder of such note, and the note shows upon its face that Harry Timmons was not the owner of such note. 2. The note shows on its face that Harry Timmons was not the payee of such note. That such note also shows that the same was never indorsed by the payee of said note. That such note shows that the plaintiff is not the legal owner or holder of such note. 3. The court erred in overruling the objection of the defendant to the introduction of said note in evidence. The court erred in holding that Harry Timmons was the payee of said note. The court erred in holding that said note was indorsed to the plaintiff. The court erred in holding that plaintiff is the legal owner and

holder of such note. The court erred in overruling the motion
of defendant for nonsuit."

It will be observed, from the above statement of the plead-
ing, facts, and errors relied upon by appellant, that the ques-
tion presented to this court is, Was there error in the order of
the court below overruling defendant's motion for a nonsuit?
The record shows that the only evidence introduced on behalf
of respondent was the note in question; that the defendant then
moved for a nonsuit, which being overruled, he neglected and
refused to offer any testimony to sustain his answer, and relies
upon this motion for a reversal in this court. Appellant calls
our attention to a number of authorities to establish that Tim-
mons was not the real owner of the note at the time he sold it
to plaintiff, by reason of said note being made payable to Harry
Timmons, agent. If such were the fact, it would have been a
good and valid defense to this action; and, under his answer,
we apprehend the trial court would have permitted him to
prove such fact. The court recites in the judgment, to wit:
"The plaintiff having introduced certain documentary evidence,
and the defendant refusing to offer any evidence, and the evi-
dence being closed, the cause was submitted to the court for
consideration and decision," etc. We think, when the plaintiff
introduced the note in evidence, he made a *prima facie* case,
and if there was merit in the answer of the defendant, and
after the court denied his motion for a nonsuit, he should
have submitted his proof; but it seems he did not do so, or
even offer to do so, or offer any excuse or reason for not doing
so. That the plaintiff had the right to sue and recover in this
action on the note described and set out *in haec verba* in the
complaint, we think, is settled by the authorities. In *Bank
of New York v. State Bank of Ohio,* 29 N. Y. 619, cited by
appellant, it appears the note was payable to D. C. Converse,
cashier, and indorsed, "D. C. Converse, Cr." Suit was brought
against the bank of which he was cashier on this indorsement.
The court says: "Had there been nothing in the case to con-
nect the bill with the defendant's bank, Converse would have
been regarded as the payee and the indorser, individually, and
the abbreviation affixed to his name considered as a *descriptio*

*personae."* (*Preston v. Dunham,* 52 Ala. 217; *Chamberlain v. Wool-Growing Co.,* 54 Cal. 103; Tiedeman on Commercial Paper, sec. 85, p. 152; Randolph on Commercial Paper, sec. 156, p. 238; Mechem on Agency, sec. 443, p. 288, rule, 2b; 4 Am. & Eng. Ency. of Law, 2d ed., 318; Daniel on Negotiable Instruments, sec. 271, and cases cited.) The answer set up a good and valid defense to the note in this action, and was sufficient to admit of proof on all the allegations thereof, and we assume the court would have admitted such proof had it been tendered. No such tender was made. The judgment of the trial court is affirmed, with costs to respondent.

Quarles, C. J., and Sullivan, J., concur.