(November 17, 1916.)

VALLEY STATE BANK, LTD., a Corporation, Appellant, v. THE POST FALLS LAND & WATER CO., LTD., a Corporation, and THOMAS J. COFFMAN, Respondents.

[161 Pac. 242.]

DEFAULT—SETTING ASIDE—AFFIDAVIT FOR—SUFFICIENCY OF—DISCRETION OF COURT—SOUND, LEGAL.

1. The showing made in this case to set aside the default reviewed and *held* insufficient to support or justify the order of the trial court in setting aside the default.

2. The failure of the attorney to familiarize himself with the law covering the practice of the forum wherein his case is pending will not be held to be excusable neglect, since it is incumbent upon the lawyer from another state, practicing law in this state, to familiarize himself with the rules of practice of the courts in this state.

3. The action of the trial court in setting aside a default is governed by sound, legal discretion, and where it appears that such discretion has been abused, the order setting aside a default will be reversed on appeal.

[As to opening or vacating judgment because of negligence or inadvertence of attorney, see note in 80 Am St. 264.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robt. M. Dunn, Judge.

Action to recover on a promissory note and default judgment entered, and on motion of defendant the court made an order setting aside the default. *Reversed.*

W. F. Morrison, Jr., and Charles L. Heitman, for Appellant.

While an order of the district court setting aside or refusing to set aside a judgment by default rests much in the discretion of the court, this discretion is not a mental discretion, to be exercised *ex gratia,* but is a legal discretion to be exercised in conformity with law. (*Bailey v. Taafe,* 29 Cal. 423;

*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Hall v. Whittier,* 20 Ida. 120, 127, 116 Pac. 1031; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505.)

It is well settled that the neglect of the attorney is the neglect of the client.

Forgetfulness on the part of the attorney is not sufficient excuse for opening a default judgment. (*Scilley v. Babcock,* 39 Mont. 536, 104 Pac. 677; *Williamson v. Cummings Rock Drill Co.,* 95 Cal. 652, 30 Pac. 762; *People v. Rains,* 23 Cal. 128; *Herbst Importing Co. v. Hogan,* 16 Mont. 384, 41 Pac. 135; *Walsh v. Walsh,* 114 Ill. 655, 3 N. E. 437.)

An attorney is presumed to know the rules of the court in which he appears, and his absence from the trial because of want of such knowledge is not such excusable neglect as to authorize relief from the judgment. (*Brooks v. Johnson,* 122 Cal. 569, 55 Pac. 423.)

The fact that counsel was very busy with other matters or other business is not ground for relief from a judgment by default. (*Bonnifield v. Thorp,* 71 Fed. 924; *Herbst Importing Co. v. Hogan, supra; Dick v. Williams,* 87 Wis. 651, 58 N. W. 1029; *Claussen v. Johnson,* 32 S. C. 86, 11 S. E. 209.)

Cullen, Lee & Matthews, Ralph S. Nelson and Elder & Elder, for Respondents.

The court erred in finding that the judgment by default was given and obtained through the mistake, inadvertence and excusable neglect of Coffman and his attorneys. (*Howe v. Independence etc. Min. Co.,* 29 Cal. 72; *Francis v. Cox,* 33 Cal. 323; *Watson v. San Francisco etc. R. R. Co.,* 41 Cal. 17.)

In cases of this character it is only where it is plainly apparent from the record that the court has abused its discretion that the appellate court will disturb the action of the lower. (*Pease v. County of Kootenai,* 7 Ida. 731, 65 Pac. 432; *Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212.)

. The attorney for respondent having disregarded the law and served the papers upon the nonresident attorneys, now seeks to take advantage of his own mistake and to take snap

or default judgment against defendant and prevent the case being tried on its merits. (*Anderson v. Coolin*, 27 Ida. 334, 149 Pac. 286.)

Service on the defendant of the notice would not have been good. If it would not have been good if made on the defendant, then it was not good if made upon a nonresident attorney when the law held the resident attorney entirely responsible for the conducting of the case. (*Abraham v. States*, 39 Cal. 150.)

SULLIVAN, C. J.—This action was brought to recover against the defendants on a promissory note executed by the corporation to the defendant Coffman, for the sum of $500 and interest, and indorsed by him. The defendant corporation failed to appear and answer. Coffman appeared and filed a demurrer. Thereafter the attorney for the plaintiff notified the attorney for defendant Coffman that the demurrer would be called for hearing on November 20, 1915. On that date, by agreement of counsel, the demurrer was submitted to the court without argument and was overruled by the court and defendant Coffman was given ten days in which to answer. On November 20th plaintiff's attorney mailed to Cullen, Lee & Matthews, of Spokane, Washington, attorneys for defendant Coffman, a copy of said order overruling the demurrer. On December 3, 1915, Coffman having failed to answer within the time allowed by the court, or at all, his default was entered and judgment entered against him. Thereafter, on December 7, 1915, the attorneys for Coffman served upon plaintiff's attorney a notice that said defendant would on December 18, 1915, move to vacate and set aside said judgment against the defendant and ask permission to file an answer. The ground on which said motion was based was "that said judgment was taken against the said defendant through mistake, inadvertence and excusable neglect of his attorneys."

The motion was based upon the pleadings and files, the affidavit of W. F. Matthews, one of the attorneys for the defendant, the affidavit of Robert H. Elder and the answer of

defendant Coffman. The affidavit of Matthews is in substance that he, as one of the attorneys for defendant Coffman, had charge of all the pleadings and files in said case; that the order overruling said defendant's demurrer dated November 20, 1915, stated that said defendant had ten days in which to answer plaintiff's complaint; that upon the receipt of said order, affiant noted in his daily docket that the answer would be due in said case on December 7, 1915, whereas the entry should have been made that said answer was due on November 30, 1915; that during the week ending December 4, 1915, affiant was engaged in court in Spokane and did not notice until December 6th that the time for filing said answer, according to the court's order overruling the demurrer, was on November 30, 1915. The affiant immediately telephoned plaintiff's attorney and advised him that the answer was being forwarded. Affiant then learned for the first time that judgment by default had been entered. Affiant further states that said Coffman has a good and valid defense to plaintiff's complaint, and that the promissory note sued on was indorsed without recourse by said Coffman to the plaintiff, and that after said indorsement and delivery said bank wrongfully and without authority from said Coffman canceled the words "without recourse," which defense is set up in defendant's answer; that unless said judgment is vacated, defendant Coffman will suffer great injustice and that affiant believes that on a trial no judgment will be recovered from said Coffman. Affiant further states that said judgment was entered through his mistake, inadvertence and excusable neglect.

It appears that Elder & Elder, lawyers located at Coeur d'Alene, Kootenai county, were employed as local attorneys, and it is nowhere stated in Matthews' affidavit that said local attorneys had anything whatever to do with said case. Matthews swears that he, as one of the attorneys of defendant Coffman, had charge of all the pleadings and files, and that the notice overruling the demurrer was served on him. He nowhere states that local counsel had anything to do with the matter at all.

In the affidavit of Robert H. Elder, he states that on or about the 12th of November, 1915, the said firm of attorneys and defendant Coffman arranged with his firm to represent said defendant as local attorneys in said action, and that no notice of the hearing of the demurrer was ever served on him or his firm.

It appears from the showing that Matthews had charge of this case and that Elder & Elder had nothing to do with it; that Matthews had notice of the overruling of Coffman's demurrer and of the order giving him ten days in which to answer, but on account of being very busy in the courts of the state of Washington, and apparently relying upon the practice in the state of Washington of notifying opposing counsel before taking default, he failed to answer for Coffman within the time given by the court. He also relies upon having made a wrong entry in his docket of the date on which Coffman had to answer. He fails to show that Elder & Elder did or was expected to do anything in the case.

The showing made was clearly insufficient to warrant the trial court in setting aside the default, and this case comes clearly within the rule laid down by this court in *Domer v. Stone,* 27 Ida. 279, 284, 149 Pac. 505; *Kynaston v. Thorp,* 29 Ida. 302, 158 Pac. 790, and *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031.

In the *Domer v. Stone* case it is held that the neglect of a lawyer to familiarize himself with the laws governing the practice of the forum where his case is pending cannot be held to be excusable, when a defendant having received the warning given him by the plain terms of a summons chooses to disregard it and to neglect the laws of the state governing the court from which it was issued, and when he elects to rely upon the purely imaginary security of the rules of practice or customs prevailing in another state, and that "if a default judgment is taken against him the courts are not invested with discretionary power to grant him relief from it." If an attorney is careless and makes a wrong entry in his docket as to the time his client has to answer, that of itself is not sufficient to show mistake, inadvertence or excusable neg-

lect. If default judgments could thus easily be set aside, the delays of the law would be greatly enhanced.

It clearly appears from the showing made to open the default that the local attorneys had nothing whatever to do with this case, and that attorney Matthews had full control and had full knowledge of the overruling of the demurrer and of the time that the defendant was given to answer.

There was not a sufficient showing of mistake, inadvertence or excusable neglect on the part of defendant's attorneys in this case, and the trial court clearly abused its discretion in setting aside said judgment, since such discretion is confined to a sound legal discretion.

The order setting aside said judgment is reversed and the cause remanded to the trial court, with directions to overrule said motion. Costs are awarded to the appellant.

MORGAN, J., Concurring.—I fully concur in the conclusion reached in the foregoing opinion, but believe the reason for the decision of this court will be better understood if the affidavits of W. J. Matthews and Robert H. Elder, upon which the action of the trial court vacating the judgment and setting aside the default was based, are set out in full and briefly discussed. The affidavit of Mr. Matthews is as follows:

"State of Washington,
County of Spokane,—ss.

"W. J. Matthews, being first duly sworn, upon his oath states: That he is one of the attorneys for the defendant, Thomas J. Coffman, and makes this affidavit for and on his behalf; that he has had charge of all of the pleadings and files herein; that the order overruling said defendant's demurrer, dated the 20th day of November, 1915, stated that said Thomas J. Coffman may have ten days in which to answer plaintiff's complaint; that upon receipt of said order overruling said demurrer, affiant noted in his daily docket that an answer would be due on Tuesday, the 7th day of December, whereas an entry should have been made in affiant's daily docket that said answer was due on Tuesday, the

30th day of November, 1915; that during the week ending December 4, 1915, affiant was engaged in the trial of cases in the superior court of Spokane county, and did not notice until Monday morning, the 6th day of December, that the time for filing said answer, pursuant to said order overruling said demurrer, was due on the 30th day of November; that affiant immediately called W. F. Morrison, Jr., attorney for plaintiff, on the long-distance phone and told him that the answer was being forwarded. Affiant learned then, for the first time, that said W. F. Morrison, Jr., had caused default judgment to be entered.

"Affiant also states that said Thomas J. Coffman has a good and valid defense to plaintiff's complaint, in that the promissory note in question was indorsed by said Thomas J. Coffman to plaintiff bank, without recourse; that after such indorsement and delivery to said bank of this promissory note the representative of the bank, wrongfully and without authority from said Thomas J. Coffman, canceled the words 'without recourse' on the back of said note, which defense more fully appears in said defendant's answer, which is hereby tendered for the purpose of filing and which has heretofore been prepared and served upon W. F. Morrison, attorney for the plaintiff.

"Said W. J. Matthews further states that unless the said judgment is vacated and set aside and the said defendant, Coffman, permitted to file his answer and have a trial in said case that great injustice will be done the said defendant, Coffman; and your affiant further believes that when the trial of said case comes on to be heard that no judgment will be recovered against the said Coffman, and that in right and justice the said Coffman will be discharged and will recover judgment for his costs expended.

"Affiant further states that said judgment was rendered through his mistake, inadvertence and excusable neglect, and that no delay or injury will be done the plaintiff by permitting the said judgment to be set aside and the said answer to be filed.                    W. J. MATTHEWS."

(Duly verified.)

In view of the provisions of sec. 4229, Rev. Codes, that the court may "relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," it is quite manifest that in order to procure a judgment to be vacated and a default to be set aside it must affirmatively appear that they were permitted to be made and entered by reason of mistake, inadvertence, surprise or excusable neglect.

Measured by this rule the affidavit of Mr. Matthews is insufficient. He states that after receiving the order overruling the demurrer and notifying him that he would have ten days within which to answer, he noted in his daily docket that an answer would be due on Tuesday, the 7th day of December, whereas an entry should have been made that the answer was due on Tuesday, the 30th day of November, 1915. He does not state that this entry was so made through mistake, inadvertence, surprise or excusable neglect, nor does he say that he thereafter, and prior to the time the answer was due according to the terms of the order served upon him, examined the entry in his docket or that he was misled by it. For aught that appears in his affidavit he may have made the entry purposely, carelessly or through culpable neglect, and, so far as is disclosed by this record, it never misled him nor caused him to fail to file the answer in time. It is true he further states that said judgment was rendered through his mistake, inadvertence and excusable neglect. This is a conclusion, and no fact is alleged from which it may properly be inferred.

If any reason existed, which would constitute an excuse, why the attorney in question put down in his docket the wrong date instead of the right one, or if he ever thereafter examined the entry and was misled thereby, his affidavit does not disclose it, nor are we aware of any rule which should prompt a court to infer these necessary facts in his favor.

Mr. Elder's affidavit is as follows:

"State of Idaho,
   County of Kootenai,—ss.

   "Robert H. Elder, being first duly sworn, deposes and says:

   "That he is a member of the firm of attorneys known as Elder & Elder with offices at Coeur d'Alene, Idaho, and admitted to practice in the courts of the state of Idaho.

   "That on or about the 12th day of November, 1915, the above-named defendant, Thomas J. Coffman, and Cullen, Lee and Matthews arranged with affiant's firm to represent the above-named defendant, Thomas J. Coffman, as local attorney in the above-entitled cause.

   "That no notice of the calling up for hearing of the demurrer in the above-entitled cause was ever served upon the affiant or upon any member of affiant's firm and was not served upon any local attorney resident in Idaho; and that no notice was given affiant or any member of affiant's firm that said demurrer had been overruled.

                                             "ROBT. H. ELDER."

   (Duly verified.)

   The material portion of the foregoing affidavit is that the firm of Elder & Elder was local counsel for Coffman in the case; that no notice of the hearing upon the demurrer was served upon that firm, nor was notice given to it that the demurrer had been overruled. This affidavit is insufficient, in that it fails to state that affiant's firm would have taken any action in the premises had these notices been served upon it. If we are asked to infer from the affidavit of Mr. Elder that had his firm, instead of associate counsel, been served with notice, it would have appeared and answered, we may say we are unable to do so. First, because he does not say so; second, because Mr. Matthews, in his affidavit, says that he had charge of all the pleadings and files in the action. The natural presumption (if courts are permitted to indulge in presumption in cases of this kind) is that had notice been served upon Elder & Elder, that firm would have mailed it to Matthews, and Matthews already had notice. In any event the affidavit of Mr. Elder falls far short of being a showing .

that the default and judgment would not have been permitted to be taken and entered had he, or his firm, instead of his associate counsel, been served with notice.

For these reasons I find, as is found in the foregoing opinion, that the showing made was insufficient to justify the order vacating the judgment and setting aside the default.

BUDGE, J., Dissenting.—I am unable to concur in the conclusions reached by the majority of the court, and dissent therefrom. As I gather the facts in this case from the record, the Post Falls Land and Water Company, Limited, on June 22, 1914, made, executed and delivered its promissory note to respondent Thomas J. Coffman for $500, payable on or before October 1, 1915, with interest. Thereafter and before maturity Coffman indorsed said note to the Valley State Bank, Limited, without recourse. On October 1, 1915, the note was presented to the Post Falls Land and Water Company, Limited, and payment refused. Thereafter due notice of said presentment and nonpayment was given to respondent Coffman, who also refused to pay said note. Suit was thereupon commenced by the Valley State Bank, Limited, against the Post Falls Land and Water Company, Limited, and Thomas J. Coffman. The corporation defaulted and judgment was thereupon entered against it. Coffman filed a demurrer to the complaint, which was both general and special. The demurrer was signed by his attorneys, Cullen, Lee and Matthews of Spokane, Washington, and Elder & Elder, of Coeur d'Alene City, Idaho. On November 15, 1915, W. F. Morrison, Jr., attorney for the Valley State Bank, Limited, notified in writing the attorneys for the defendant residing at Spokane, but he did not notify Elder & Elder, that the demurrer filed by them on behalf of Coffman would be called for hearing on November 20, 1915. On that date, by agreement of the Spokane lawyers and Morrison, the demurrer was submitted without argument and overruled, and Coffman was given, by order of the court, ten days in which to answer the complaint of the Valley State Bank, Limited.

On December 3, 1915, Coffman having failed to file and serve his answer within the ten days allowed by the trial

court, his default, upon application of the plaintiff, was entered by the clerk, and on the same day judgment by default was entered against him, as prayed for in plaintiff's complaint.

On December 7, 1915, the attorneys for Coffman filed with the clerk of the district court their motion and notice of motion that they would on December 18, 1915, move the trial court to vacate said default judgment and permit them to file an answer; the ground of the motion being that said judgment was taken against said defendant through the mistake, inadvertence and excusable neglect of his attorneys; the motion being based upon the pleadings and files in the case, the affidavits of W. F. Matthews and Robert H. Elder, and upon the answer of Coffman to the complaint, tendered for filing by the defendant.

In his affidavit, Matthews in explanation states that he was exceptionally busy during the week ending December 4, 1915, engaged in the trial of causes in the courts at Spokane, Washington, and that he did not notice until December 6, 1915, that the time for filing the answer according to the court's order was on November 30, 1915; that he thereupon immediately telephoned plaintiff's attorney, and advised him that the answer was being forwarded, and then learned for the first time that judgment by default had been entered against his client. In his affidavit he further states that Coffman has a good and valid defense to the action brought against him by the Valley State Bank, Limited, in this, that the promissory note sued upon was by him indorsed to and accepted by the Valley State Bank, Limited, without recourse, and that after such indorsement, delivery and acceptance, the bank wrongfully and without authority canceled the words "without recourse," etc.

Robert H. Elder, of the law firm of Elder & Elder of Coeur d'Alene, Idaho, and one of the attorneys for Coffman, in support of the motion to set aside the default judgment filed his affidavit, in which he set out in substance "that on or about November 12, 1915, his firm was employed as local attorneys to represent the defendant Coffman, but that no

notice of the hearing of said demurrer was served upon him or any member of his firm, and that he had no notice of the overruling of the demurrer.''

An examination of the allegations of the answer discloses that the answer would, if proven, constitute a meritorious defense.

In opposition to the motion to set aside the default judgment, W. F. Morrison, Jr., one of the attorneys for the Valley State Bank, Limited, filed his affidavit in which in substance he stated: ''That service of the complaint was made on Coffman on November 2, 1915. On November 13, 1915, Coffman by his attorneys, Cullen, Lee & Matthews of Spokane, Washington, and Elder & Elder of Coeur d'Alene City, Idaho, filed and served a demurrer to the complaint on behalf of the defendant Coffman; that thereafter on November 15, 1915, affiant noted said demurrer for hearing on November 20, 1915, and served notice of the hearing of said demurrer upon Cullen, Lee & Matthews at their office in Spokane, Washington; that thereafter Cullen, Lee & Matthews wrote to affiant asking that said demurrer be submitted without argument, which was done. On November 20, 1915, the demurrer was overruled and the defendant given ten days in which to answer. No communications were received by affiant from Elder & Elder, nor did said attorneys, or either of them, appear at the time of the submission of said demurrer. Immediately upon filing the order overruling defendant's demurrer, affiant served a copy of such order on Cullen, Lee & Matthews at their office in Spokane. No further appearance was made by Coffman, and the time for filing the answer having expired, on December 4, 1915, after clerk's entry of default had been duly and regularly entered against Coffman for his failure to answer, judgment by default was taken against him. On December 6, 1915, Matthews, of the firm of Cullen, Lee & Matthews, telephoned affiant about filing the answer, and thereupon affiant informed Matthews that judgment had been taken against Coffman by default.

The motion to vacate the default judgment was argued to the court on December 29, 1915, and the court made its order

vacating and setting aside the default judgment entered against Coffman, on the ground of mistake, inadvertence and excusable neglect of his attorneys, and held that the allegations in the defendant's answer, if proved, stated a good and meritorious defense.

The court's order setting aside the default judgment states as a fact that at the time the default judgment was rendered and entered the defendant Coffman was represented by Elder & Elder, local counsel, residing at Coeur d'Alene, Idaho, and that they or either of them had no notice of the hearing or of the overruling of the demurrer.

In substance, the foregoing statement of facts appears in appellant's brief. I have set them out in full for the reason that in my opinion they are in no essential respects similar to the facts stated in the cases cited in the majority opinion as authority for reversing the action of the trial court in setting aside the default judgment entered in this case.

In the case of *Domer v. Stone,* 27 Idaho, 279, 149 Pac. 505, this court held that "The rule is well settled in Idaho that where a trial court, in the exercise of its sound judicial discretion, upon a proper showing that a defendant, who has a meritorious defense, has failed to appear and answer by reason of his mistake, inadvertence, surprise or excusable neglect, sets aside the default which has been entered against him, its action in so doing will not be reversed upon appeal," and further added another well-known rule that the defendant, "In order to bring himself" within the rule announced above, "must show that his mistake was one of fact and not of law." The mistake in that case, being one of law and not of fact, was not excusable neglect. In the case at bar there was a mistake of fact, and not of law, in this, that Matthews, when the notice of the overruling of the demurrer was served upon him made a calculation as to when his time for filing the answer would expire, and made a mistake in this calculation, figuring the time to expire December 7, 1915, when in truth and in fact it expired on November 30, 1915. This was clearly a mistake of fact, without intention on his part, as clearly appears from his affidavit. It is quite evi-

dent from his affidavit that the entry upon his office docket was inadvertently made. There is no counter-showing, and we must therefore assume that his statement in his affidavit is correct. It is such a mistake as the most painstaking lawyer might make. Being a mistake of fact, a litigant should not, by the application of technical rules of law, be made to suffer for it, particularly in view of the fact that no serious injury could possibly result to the plaintiff below by reason thereof, for which he could not be compensated by the imposition of terms.

In the case of *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031, the affidavit in support of the motion to set aside the default judgment failed to set forth the facts which it was claimed constituted the mistake or inadvertence. The only showing made in that case was contained in an affidavit of the attorney to the following effect: "That the time for answering said complaint thereupon expired on or about the 18th of February, 1911, but that because of inadvertence or mistake, the time for answering said complaint as fixed by this court was overlooked and permitted to pass without an answer having been filed." This court, in passing upon the sufficiency of the foregoing affidavit, said: "It has been repeatedly held by this court in all matters of this kind that the facts must be presented to the court upon which the party relies to bring himself within the purview of the statute. In other words, the litigant cannot be allowed to pass judgment on the question as to whether or not his facts entitle him to the relief he claims or bring him within the purview of the statute, but he must set up those facts and submit them to the judgment and discretion of the court, who must be the final judge as to their sufficiency." This case has no application to the case at bar, for the reason that the facts in the case at bar are fully set out in the affidavits in support of the motion to set aside the default judgment.

The case of *Kynaston v. Thorpe,* 29 Ida. 302, 158 Pac. 790, was an action brought to quiet title to the waters of a certain stream in Bannock county. It appears that the complaint was filed July 21, 1913. On August 19, 1913, the defend-

ants appeared and demurred to the complaint. On December 12, 1913, the demurrers were withdrawn, and 25 days given within which to answer. On January 27, 1914, no answer having been filed, default was entered, and thereafter .default judgment was entered. On July 20, 1914, nine months after the judgment was entered, a motion was made to vacate the judgment and set aside the default, upon the grounds, first, that the default and judgment were taken and entered through mistake, inadvertence and excusable neglect on the part of the defendant, and, second, that the judgment did not conform to the allegations in or the prayer of the complaint. On May 15, 1915, an order was entered granting the motion, and the judgment and default were set aside and vacated upon the ground of inadvertence, mistake and excusable neglect. Briefly stated the facts appear as follows: Thorpe, who was the defendant below, employed an attorney, paid him a small retainer, and made arrangements with one Douglas to pay the balance of the attorney fee, which Douglas never did. The fee not being paid, the attorney did not appear in the case after the demurrer was withdrawn. The client simply failed to pay his attorney, and this court held in effect that the attorney was within his rights in not appearing in the case further, and that it was the duty of the client to see that his attorney was paid, and in failing to do so he did not conduct himself as a reasonable and prudent man would, or should do under like circumstances; that more than nine months intervened during which time Thorpe made no inquiry about his case, or whether his attorney had been paid or not. This, the court held, did not constitute mistake, inadvertence, surprise or excusable neglect. I am unable to see where the facts in this case have any similarity to the facts in the case at bar.

At this point it may be well to call attention to a few cases that I think are in point, and which in my opinion support the judgment of the trial court in setting aside the default judgment in this case and permitting the defendant below to file his answer.

In the case of *Howe v. Independence Consolidated Gold & Silver Min. Co.*, 29 Cal. 72, which was an action for the recovery of money, the defendant demurred; the demurrer was overruled and ten days were given to answer. The ten days having expired and no answer having been filed, on application of the plaintiff the clerk entered judgment by default against the defendant. The defendant moved the court to vacate the judgment and to be allowed to answer, and upon the hearing of the motion, in addition to the affidavit of the secretary of the company, an affidavit was filed by counsel, setting forth the following facts: "Affiant states that during the present term he has been very much pressed for time, having to discharge his duties as district attorney besides attending to all his civil business without anyone to aid him . . . . that he has had many things on his mind demanding his attention . . . . that this case being set for trial affiant had adopted the erroneous idea that an answer had been filed. . . . . " The court vacated the judgment and gave defendant leave to answer, and plaintiff appealed from the order. The judgment of the trial court was affirmed. The appellate court, in the course of its opinion, made the following observation: "Orders of the court below on application made under the 68th section of the Practice Acts will not be disturbed by this court except in cases of gross abuse, where the power of the court has been exercised in a manner which is calculated to defeat rather than advance the ends of justice, which in our judgment has not been done in the present case."

The case of *Watson v. San Francisco & Humboldt Bay R. R. Co.*, 41 Cal. 17, was also an action brought for a balance due for work and labor, where a default was taken for want of an answer, and an application was made by the defendant to open the default, which was allowed by the trial court and from which an appeal was taken. The court in that case, *inter alia*, held: "Applications of this character are addressed to the discretion—the legal discretion—of the court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require.

Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule . . . . where application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application.''

In the case of *Reidy v. Scott,* 53 Cal. 69, the case of *People v. Rains,* 23 Cal. 129, upon which counsel for appellant chiefly relies, is distinguished and modified so as not to be subject to the construction contended for. In the latter case the affidavit of the defendant's attorney was to the effect that he had mistaken the day of service and that he appeared and demurred to the complaint. The court held that when the affidavit shows that the defendant rests on matters appearing on the face of the complaint (by which, of course, is meant matters of defense which, except for the interposition of a demurrer, would be deemed to be waived), the defense is merely of a technical character and the affidavit is insufficient. In the former case the court held that a showing that the defendant made a mistake as to the day he was served with a copy of the complaint and summons; that he was ready with his answer containing allegations of meritorious defense on the day the default was entered; and that upon a full and fair statement of all the facts of the case he is advised by his counsel that he has a good and sufficient defense,—entitles the defendant to have the default set aside.

In the case of *Francis v. Cox,* 33 Cal. 323, it appeared that when the summons was served, the attorney for the defendant directed his clerk to make a memorandum of when the time for answering would expire. The attorney's clerk failed to make this entry, and owing to this failure the filing of the

answer was overlooked.   Afterward the attorney set up these facts by affidavit and the lower court opened the default judgment; which ruling was sustained.

The above case is similar to the case now under consideration.   Matthews, however, made the memorandum himself instead of requesting his clerk to do so.   However, he inadvertently calculated the time to be December 7, 1915, when it should have been November 30, 1915, and he sets up these facts in his affidavit, and they are uncontradicted.   The lower court found these facts to be true and set aside the default judgment.   To the same effect see the case of *Lathrop v. O'Brien,* 47 Minn. 428, 50 N. W. 530.

In the case of *Scott v. Smith,* 133 Mo. 618, 34 S. W. 864, in discussing the discretion of trial courts in the exercise of their power to set aside a default judgment, among other things, the court said:

"These motions are addressed to the sound discretion of those courts, to be liberally exercised in furtherance of justice.   A wise judge has said, that it is not alone sufficient that justice be administered, but it must be administered in a manner satisfactory to suitors.   An indiscriminate interference by this court with matters of pure discretion in the courts below would, in the end, be productive of more injustice than a refusal to interfere in any case.   In the review justice might sometimes be done, but in the most of them it would be little more than groping in the dark, in which the court could not satisfy itself whether it was doing right or wrong."   (*Stout v. Lewis,* 11 Mo. 439.)

In the case of *Collier v. Fitzpatrick,* 22 Mont. 553, 57 Pac. 181, the supreme court of Montana, in discussing the Code of Civil Procedure, sec. 774, which is the same as sec. 4229, Rev. Codes, which provides that the court may in its discretion, in furtherance of justice and upon terms, relieve a party from a judgment taken against him through his excusable neglect, states: "The design and purpose of the statute is to further the administration of justice so that the very right upon the merits may be determined, and to that end to grant relief from excusable neglect in cases where diligence is

shown in applying promptly for the relief sought, provided the opposite party be not deprived of any advantage to which he may properly be entitled. The defendant should have been afforded upon terms the right of trial.''

While it is true that there are certain cases which lay down the rule that the mistake or ignorance of a party's counsel will not relieve him from a judgment rendered against him, a majority of the decisions do not favor this rule, provided it was a mistake of fact and not of law, and provided it was such as might reasonably and genuinely have occurred, and this court has followed the general rule.

In the case of *Pittock v. Buck*, 15 Ida. 47, 96 Pac. 212, it appeared that counsel for Stella Pittock had appeared in the district court and asked orally for permission to intervene. Her counsel was asked how much time he wanted in which to intervene, and as stated by her counsel, he understood, to the best of his recollection, the court gave him until December 5, 1907. Under these facts the court held that counsel had a right to rely upon his understanding that no further proceedings would be taken in the action until the time fixed for the application to intervene had expired. Judgment had been taken in that case before the time so fixed had expired, as he understood it. This court held that the lower court should have set aside the default judgment and permitted her to answer, and in its decision, among other things, said: ''An application to open a default is addressed to the sound legal discretion of the trial court, and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion, and in determining the question of discretion the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings so as to dispose of cases upon their substantial merits.'' (*Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Buell v. Emerich*, 85 Cal. 116, 24 Pac. 644; *Miller v. Carr*, 116 Cal. 378, 58 Am. St. 180, 48 Pac. 324.)

In the case of *Pease v. County of Kootenai*, 7 Ida. 737, 65 Pac. 432, which was an appeal from an order of the district court vacating and setting aside a judgment rendered by

default from which an appeal was taken, this court in its opinion, among other things, held: "That the trial court is clothed with much discretionary power in cases of the character before us for review is not controverted by counsel for appellants, and it is only where it is plainly apparent from the record that the court has abused this discretion that the appellate court will disturb the action of the lower court. . . . . If there is any class of cases in which the trial court should not be hampered in the exercise of its discretion, it is the kind under consideration."

There is another and an additional reason that strongly appeals to me as a reason for sustaining the judgment of the trial court, and that is contained in the affidavit of Robert H. Elder, of the law firm of Elder & Elder, of Coeur d'Alene City, Idaho, which is uncontradicted and is to the effect that he is one of the resident attorneys employed by respondent Coffman; that he was employed immediately subsequent to the service of summons in the action; but that neither he nor any other member of his firm was served with notice that the demurrer would be called up for hearing or that the demurrer had been overruled and time given within which to answer. Under Rule 6 of the Rules of Practice of the District Court of the Eighth Judicial District, the law firm of Elder & Elder should have been notified instead of the law firm of Cullen, Lee & Matthews, of Spokane.

Rule 6 provides that: "Where a demurrer . . . . is overruled and no answer is on file, the answer shall be filed within five days after the service of notice . . . . of the overruling order. . . . . "

Section 4892, Rev. Codes, provides, *inter alia*, that after appearance a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. Rule 6 required notice to be given of the overruling of demurrers.

Elder & Elder had appeared for the defendant and their names were signed to the demurrer filed to the complaint within the time allowed by law. They were his attorneys and represented him by reason of their employment, and were

entitled to notice of all subsequent proceedings of which notice is required to be given, either under the statutes or under the rules of court.

Sec. 4893, Idaho Revised Codes, provides that " . . . . in all cases where a party has such resident attorney in the case . . . . the service of papers when required must be upon the attorney instead of the party."

We think these two statutory provisions heretofore cited and the rule of the court fully support that portion of the order of the court setting aside the default judgment where the court says:

"And the court further finds that at the time such judgment was had and obtained, the record in said case disclosed that the defendant Coffman was represented by local counsel, the firm of Elder & Elder, and that no notice of the calling up of said demurrer in the case or of the overruling of the same was ever served upon said local counsel, and that they had no knowledge of the hearing or overruling of said demurrer."

The courts of this state look to resident attorneys in the first instance, and require at their hands the same careful consideration and attention to the business that is intrusted to their care, when associated with counsel of sister states or territories, as if they were conducting such cases alone. Their liability will, in every respect, be the same when associated with counsel who are not residents of the state, as it would under any other circumstances.  (*Anderson v. Coolin,* 27 Ida. 334, 149 Pac. 286.)

This being true, it was clearly the duty of counsel for appellant to have served the firm of Elder & Elder with the notice served upon the Spokane lawyers.  Local counsel being primarily responsible, being answerable to the courts of this state for all proceedings had in connection with litigation before the court, they are certainly entitled to notice of all proceedings had or taken in any case in which they are interested, where the statutes or rules of the court provide for the giving of such notice.

A motion to vacate and set aside a default judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the matter, unless there has been a manifest abuse of such discretion, should not be disturbed. The nature of this discretion has been described in a well-considered opinion of the supreme court of California as follows:

"The discretion intended," says the court, "is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles, . . . . to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or to defeat the ends of substantial justice. . . . . If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. . . . . " As a general rule, in a doubtful case the court should incline to relieve. The exercise of the court's discretion ought to tend in a reasonable degree to bring about a judgment on the merits of the case."

This is an action upon a promissory note. No immediate injury could result to the appellant here (the plaintiff below) by setting aside the default judgment. In my opinion the showing made by the affidavits was sufficient to justify the trial court in granting the motion and in setting aside the default judgment. The judgment of the court should be sustained.