SANTALÍS ET AL., PLAINTIFFS AND APPELLEES, *v.* EL ZENIT, DEFENDANT AND APPELLANT.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 2026.—Decided June 28, 1920.

NOTICE—SETTING FOR TRIAL—DOCKET.—Notices of settings of cases for trial need not be given to anybody when they are entered in the regular docket of the court. It is conclusively presumed that the parties are before the court and the only notices necessary to be given are those referred to in the Acts of March 9, 1911, and March 12, 1915.

PLEADING—INSURANCE POLICY.—The complaint having failed to state the number of members of the first class and the number of the second class which belonging to the defendant mutual insurance society when the ancestor of the plaintiffs died, there is no basis upon which to fix the amount that the defendant should pay in satisfaction of the policy, for the amount must be governed by the dues paid by both classes of members.

APPEAL—CHANGE OF VENUE—ABATEMENT OF ACTION.—An appeal from an order denying a change of venue does not abate the principal action, but the latter is subject to the outcome of the former, so that if the order is set aside any action taken after its date is ineffective.

The facts are stated in the opinion.

*Mr. M. Benítez Flores* for the appellant.

*Mr. A. A. Vázquez* for the appellees.

Mr. Chief Justice Hernández delivered the opinion of the court.

On July 6, 1918, the plaintiffs brought an action in the District Court of Mayagüez against the mutual insurance association called "El Zenit" to recover the sum of $7,994, with interest, costs and attorney fees. The complaint was sustained by a judgment of November 21, 1918, for the sum of $5,595.80, with interest from the date of the filing of the complaint and the costs and attorney fees. The defendant appealed to this court.

The plaintiffs alleged the following as facts constituting their cause of action:

1st. That the defendant is a mutual insurance association incorporated under the laws of Porto Rico, its purpose being to give financial aid to its members in case of physical accident and to their heirs in case of death.

2nd. That the members of the defendant corporation are classified into members of the first and second class, and in case of the death of, or an accident to, a member of the first class, the amount to be paid by the defendant corporation to the member suffering the accident or, in case of his death, to his heirs, is the total of two dollars for each member belonging to the association at the time of the accident or death.

3rd. That from January 10, 1917, until January 10, 1918, Candelaria Lequerica was a member of the first class of the defendant corporation and paid to it her entrance fees and complied with all her other obligations as such member, the insurance policy issued to her bearing the number 1860.

4th. That Candelaria Lequerica died on January 10, 1918, and notice of her death was immediately given to the defendant corporation.

5th. That on the day of the death of Candelaria Lequerica the defendant corporation had 3,997 members.

6th. That Candelaria Lequerica was a widow and died intestate, leaving as her sole and universal heirs her six legitimate children named Luisa, Isaac, Mérida, Georgina, José and Francisca Santalís y Lequerica, the plaintiffs.

7th. That more than seventy days have elapsed since the defendant investigated and verified the death of Candelaria Lequerica, but the defendant has not paid to the plaintiffs, her heirs, in whole or in part, the $7,994 due to them as the amount of the insurance policy, notwithstanding the demands made therefor.

The defendant demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action, and at the same time moved for the transfer of the case to the District Court of San Juan. That motion was overruled on August 15, 1918, and the defendant appealed therefrom to this court. By another order of September 6, 1918, the trial court overruled the demurrer and allowed the defendant ten days within which to answer.

In answering the complaint the defendant admitted the classification of its members into members of the first and second class, as set up in the complaint, and that policy No. 1860 was issued to Candelaria Lequerica, but alleged that the association is under no obligation to pay for accidents that may occur, its obligation being to give notice of such accidents to its members so that they may pay their assessments, and from the amount so collected, after deducting the percentage provided for by the regulations, the member suffering the accident is paid. The defendant further alleged that Candelaria Lequerica was not a member of "El Zenit" on January 10, 1918, because she had been dropped from its membership prior to that date, in accordance with its regulations. It denied that the number of actual members of the association on the day of the death of Candelaria

Lequerica was 3,997, and, for lack of sufficient information, denied that she was a member of the first class and had paid her entrance fees and complied with all her obligations as such member until January 10, 1918, and also, for lack of sufficient information, denied that Candelaria Lequerica died on January 10, 1918, leaving as her sole heirs the plaintiffs, and that notice of her death was immediately given to the defendant corporation. In conclusion the defendant alleged that the association was not required to investigate and verify the death of Candelaria Lequerica because she had ceased to be a member of ''El Zenit'' prior to the date of her death, and that it was under no obligation to pay any amount for her death.

The case was tried on November 19, 1918, only counsel for the plaintiffs being present, as the defendant failed to appear, and the court entered judgment on the 21st of the same month in the term already stated.

The grounds of the appeal are, in brief, as follows:

1st. That the court erred in trying the case without assuring itself that the defendant had been duly notified of its setting for trial, considering the fact that a few days before there had been an earthquake which had almost totally destroyed the city of Mayagüez and particularly the building in which the court held its sessions, and there being pending a motion of the plaintiffs for judgment on the pleadings, the hearing of which had been set for October 11, 1918, the very day on which the earthquake occurred.

2nd. Insufficiency of the evidence to support the judgment, which is contrary to law for the reason, among others, that the number of members of the defendant association at the time of the death of Candelaria Lequerica was not satisfactorily shown.

3rd. That the court erred in fixing an amount which is excessive and contrary to the law and the evidence; in giving judgment against the defendant for the sum of $5,595.80,

with legal interest thereon from the date of the filing of the complaint, and the costs and attorney fees, without discounting the thirty per cent referred to in the regulations, and in imposing the costs and attorney fees upon the defendant when the defendant had not appeared at the trial.

As to the first error assigned, it appears from the transcript of the record that on September 30, 1918, the plaintiffs filed a motion, which was to be heard on October 11, following, for a judgment on the pleadings sustaining the complaint on the ground that the complaint was duly verified and the answer did not controvert the material facts alleged therein; that the answer was evasive, insufficient and misleading, and that the answer did not set up either a defense or a counter-claim. It does not appear that the said motion was heard or ruled on, but it does appear "that on November 19, 1918, the case was called for trial, as duly set at the second call of the civil docket on October 25, 1918, the plaintiff having appeared by counsel and the defendant having failed to appear."

It is to be presumed that the motion for judgment on the pleadings was abandoned by the plaintiffs or overruled by the court, but neither that ruling, which favored the defendant, nor the setting of a day for the trial had to be communicated to the defendant for the reasons stated in the case of *Guardian Assurance Company, Ltd.,* v. *López Acosta, District Judge,* 24 P. R. R. 597. It is conclusively presumed that the parties are before the court and the only cases in which notice must be given are those specified in the Acts of March 9, 1911, and March 11, 1915.

Notice of the setting of a day for the trial, as the appellee very well says, need not be given to anybody when the setting is entered in the regular docket of the court. The parties should attend to their own affairs and be present in court on the day set for the call of the docket; and if they do not, they must blame themselves for their own

negligence. The fact that an earthquake occurred in Porto Rico on October 11, 1918, is not a sufficient reason why the District Court of Mayagüez should not set the second call of the docket for the 25th of the same month. The court acted diligently in setting the 19th of November, 1918, for the trial of this case and between the call of the docket and the trial there was sufficient time to enable the defendant to inform itself and be present at the trial.

As to the second ground of the appeal, there was no indication in the complaint as to how many members there were of the first class or how many of the second class, for the plaintiff only alleged that on the day of the death of Candelaria Lequerica there were 3,997 members of the association, and Ventura Rivera, the only witness examined on that point, testified to that number of members, but without saying how many members were of the first class and how many of the second class. Such an important fact not having been proved, it is impossible to determine the amount that the defendant should pay to the plaintiffs in satisfaction of policy No. 1860 which is the basis of the claim; therefore there is no ground for sustaining the judgment appealed from which fixed that sum at $5,595.80.

The appeal is sustained on its second ground and it is therefore unnecessary to consider the third.

But there is another fact which also sustains the appeal.

In a supplementary brief filed before the hearing on the appeal the appellant alleged that after the trial and entry of judgment this court reversed the order of the trial court of August 15, 1918, whereby, as we have said, the transfer of the case to the District Court of San Juan was denied. That reversal was by a judgment of July 8, 1919, in the case of *Santalís et al. v. El Zenit*, 27 P. R. R. 557. But the appellee maintains that in accordance with section 298 of the Code of Civil Procedure an order refusing to transfer a case to another district does not stay the proceedings in

the action. *Hernández et al.* v. *Cuevas Zequeira,* 24 P. R.
R. 759. This is true. We admit that the District Court of
Mayagüez retained its jurisdiction of the case notwithstand-
ing the appeal from the order of August 15, 1918, refusing
to grant the change of revenue. The subsequent proceed-
ings before it were not without jurisdiction, but the parties
remained subject to the result of the appeal. Our judgment
of July 8, 1918, ultimately produced the same effect as if the
court of Mayagüez had ordered the transfer on the day on
which it was refused; therefore its subsequent action can
have no legal effect. See the decisions of the Supreme Court
of California in *People ex rel. Scannell* v. *Whitney,* 47 Cal.
584–5, and *Howell* v. *Thompson,* 70 Cal. 635–6.

The judgment appealed from is reversed and the case
remanded to the District Court of Mayagüez for the pur-
pose of our judgment of July 8, 1919, and all other proper
purposes.

                              *Reversed and remanded.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision
of this case.