(May 20, 1915.)

# W. A. ANDERSON, Appellant, v. ANDREW COOLIN, W. B. MITCHELL, Trustee, E. H. BERG, Trustee, CHARLES W. BEARDMORE, and WASHINGTON TRUST CO., a Corporation, Respondents.

[149 Pac. 286.]

ADMISSION AND PRACTICE OF ATTORNEYS—STATUTORY REQUIREMENTS—
APPEARANCE OF FOREIGN ATTORNEYS IN DISTRICT AND SUPREME
COURTS—HOW REGULATED—MOTION TO STRIKE IMPROPER BRIEF
SUSTAINED.

1. Section 3990, Rev. Codes, provides: "Any citizen or person, resident of this state, or who has *bona fide* declared his intention to become a citizen in the manner required by law, of the age of twenty-one years, of good moral character, and who possesses the necessary qualifications of learning and ability, is entitled to admission as attorney and counselor in all courts of this state." But, before being admitted as such attorney and counselor, as provided by sec. 3991, Rev. Codes, as amended by Sess. L. 1909, p. 110, "must produce satisfactory testimonials of good moral character and . . . . undergo a strict examination in open court as to his qualifications, by the justices of the supreme court." Sec. 3994, Rev. Codes, as amended by Sess. L. 1911, p. 338, provides: "The examination may be dispensed with in the case of any person who has been admitted to practice law under license or certificate from the highest court of another state or territory, and has thereafter actually engaged in the practice of law as a principal occupation for not less than three years immediately preceding with [the] date of application for admission to practice in this state, and who is in good standing as such."

2. Sec. 3995, Rev. Codes, provides: "Each clerk must keep a roll of attorneys and counselors admitted to practice by the court of which he is clerk, which roll must be signed by the person admitted before he receives a license."

3. Sec. 3996, Rev. Codes, provides in substance that if any person shall practice law in this state in any court, except a justice's court, without having received a license as attorney and counselor, he is guilty of a contempt of court.

4. Under the amendment to sec. 3991, Rev. Codes, *supra*, the admission of attorneys of sister states and territories to practice in all the courts of this state is placed wholly within the jurisdic-

tion of the supreme court of this state, and the law does not author-
ize the admission of such attorneys by the district courts.

5. Subdivision 4 of sec. 4002, Rev. Codes, provides, as one of
the causes for which an attorney may be disbarred or suspended:
"Lending his name to be used as an attorney and counselor by any
other person who is not an attorney and counselor," and regularly
admitted to practice.

6. Sec. 4198, Rev. Codes, provides: "All pleadings filed in the
district courts or supreme court of this state shall be signed by a
resident attorney of the state of Idaho, who shall state his residence
or postoffice address; and the name of a resident attorney shall be
indorsed on all summons issued out of the district courts, and all
pleadings required to be verified shall be verified by a party to the
action, or any attorney residing in the state of Idaho and regularly
admitted to practice in the courts of this state."

7. Nonresident attorneys, who are admitted to practice in this
state under section 3994, Rev. Codes, as amended, *supra*, in order
that they may be permitted to appear in the courts of this state,
must associate with them a resident attorney who has been regularly
admitted to practice in the courts of this state, who shall be held
primarily responsible by, and answerable to, the courts of this state,
for all proceedings had in connection with the litigation in which
they are so employed before the courts of this state. Said employ-
ment of a resident attorney is not to be a mere subterfuge, but
*bona fide* and in good faith, and for which services, said attorney
is entitled to charge and receive adequate compensation.

8. Upon motion, an order will be made by this court striking
the name of a person who has not been regularly admitted to prac-
tice in the courts of this state, or by comity extended upon applica-
tion by the court, from all original files and briefs, where the name
of said person appears; and he will be denied the right to appear
in this court, or the district courts of this state, as an attorney
and counselor, until he has fully complied with all of the require-
ments of the statutes of this state governing the admission of attor-
neys and counselors to practice law in this jurisdiction.

9. A motion will be sustained to strike from the files, briefs
couched in language disrespectful to the court and court officers,
and unbecoming an attorney and officer of the court.

Motion to strike from all papers filed in a cause the name
of an attorney not admitted by law to practice in this state;
and to strike from the files in the case a brief couched in
language disrespectful to the court and court officers, and un-
becoming an attorney, which motion was sustained.

J. F. Ailshie, E. N. La Veine and Peacock & Ludden, for Appellant.

W. F. McNaughton, for Respondents.

Counsel file no briefs on motion to strike.

· BUDGE, J.—W. B. Mitchell appeared in the district court of the eighth judicial district as an attorney in the case wherein W. A. Anderson was plaintiff and Andrew Coolin, W. B. Mitchell, trustee, E. H. Berg, trustee, Charles W. Beardmore and Washington Trust Co., a corporation, were defendants. An appeal from the judgment in said cause is now pending in this court, in which the said W. B. Mitchell appears as attorney for the respondents, in whose behalf he prepared, filed and served upon counsel for the appellants a brief in said cause. On May 1st, 1915, counsel for appellant filed a motion in this court "to strike from all the papers and files originally filed in this court the name of W. B. Mitchell as attorney for respondent, . . . . upon the ground that the said W. B. Mitchell is not an attorney admitted or entitled to practice in the courts of Idaho, and upon the further ground that the district court has no power or authority to permit an attorney to practice law in this state, and particularly no authority to permit or grant him leave to appear in this court, and that the district judge, from whose decision this appeal is prosecuted, has never pretended or purported to grant such leave, and upon the further ground that the records and files in this case show that the said W. B. Mitchell is not entitled to be extended the right to appear as attorney for any litigant by courtesy or otherwise."

Sec. 3990, Rev. Codes, provides: "Any citizen or person, resident of this state, who has *bona fide* declared his intention to become a citizen in the manner required by law, of the age of twenty-one years, of good moral character, and who possesses the necessary qualifications of learning and ability, is entitled to admission as attorney and counselor in all courts of this state."

Sec. 3991, Rev. Codes, as amended by Sess. L. 1909, p: 110, provides: "Every applicant for admission as an attorney and counselor must produce satisfactory testimonials of good moral character, and, except as hereinbefore provided, undergo a strict examination in open court as to his qualifications, by the justices of the supreme court."

Sec. 3992, Rev. Codes, provides: "If, upon such examination in the supreme court, the applicant is found qualified, the court shall admit him as attorney and counselor in all the courts in this state, and shall direct an order to be entered to that effect upon its record, and that a certificate of such record be given to him by the clerk of the court, which certificate is his license."

Sec. 3993, Rev. Codes, provides: "Every person, before receiving license to practice law, shall take the oath prescribed by law, and shall pay to the state treasurer the sum of twenty-five dollars for the use of the state library fund, and the clerk of the court shall require of the person so admitted the receipt of the said treasurer, before issuing such license, and in no case shall the oath be administered or the license issued until such receipt is produced and filed in the office of the clerk."

Sec. 3995, Rev. Codes, provides: "Each clerk must keep a roll of attorneys and counselors admitted to practice by the court of which he is clerk, which roll must be signed by the person admitted before he receives a license."

Sec. 3996, Rev. Codes, provides: "If any person shall practice law in any court, except a justice's court, without having received a license as attorney and counselor, he is guilty of a contempt of court."

The district courts of this state, prior to the amendment of section 3991, Rev. Codes, *supra*, were authorized to admit applicants to practice as attorneys and counselors in the district courts of this state, upon like testimonials and examinations as are required now to be furnished and taken in the supreme court; but are not now so authorized.

Sec. 3997, Rev. Codes, provides the duty of an attorney and counselor, by the provisions of which he is required, *inter*

*alia,* to support the constitution and laws of the United States and this state, and to maintain the respect due to the courts of justice and judicial officers. Rules of duty are further prescribed in this section, which are intended to regulate and control the conduct of attorneys and counselors with regard to the public and to those in whose behalf they appear in court and exercise their appropriate functions.

Sec. 4002, Rev. Codes, provides that an attorney is subject to the authority of the courts and may be, for cause shown, suspended or removed and deprived of the right to pursue his profession, by the supreme court. This may be for any of the causes enumerated in said section, arising after his admission to practice. Subdivision 4 of sec. 4002, *supra,* provides, as one of the causes for which an attorney may be removed or suspended, the following:

"Lending his name to be used as an attorney and counselor by any other person who is not an attorney and counselor."

Said subdivision applies to regularly admitted resident attorneys of this state who, with knowledge, permit the use of their names by persons who have not been admitted either upon examination before the supreme court of this state, or upon motion as provided by sec. 3994, Rev. Codes, as amended by Sess. L. 1911, p. 338, resulting in such unauthorized persons appearing as attorneys and counselors in the courts of this state.

All of the foregoing provisions of the statute were enacted, not only in the interest of those who employ the services of attorneys, but in the interest of the public at large.

Sec. 3994, Rev. Codes, as amended, *supra,* provides:

"The examination may be dispensed with in the case of any person who has been admitted to practice law under license or certificate from the highest court of another state or territory, and has been thereafter actually engaged in the practice of law as a principal occupation for not less than three years immediately preceding with [the] date of application for admission to practice in the state, and who is in good standing as such. The court shall, before admitting such person, require the production of his license or certificate and an

affidavit of his standing, and shall satisfy itself by question-ing the applicant under oath, and such other means as it may adopt, that he has been engaged in actual practice as above stated.''

It will be conceded that the terms and conditions of the admission of an attorney to practice law, or to continue in the practice of law, as well as his powers, duties and privi-leges, are proper subjects of legislative control, to the same extent and subject to the same limitations as in the case of any other profession or business that is created or regulated by statute. It is a privilege or franchise that is extended by legislative enactment, conditioned upon a compliance with the statutes regulating the practice of the law and the conduct of the attorney in his private life and dealings with the public, and the respect due the courts of justice and judicial officers. The legislature may rightfully provide under what circum-stances and conditions attorneys may appear before the courts of this state in the practice of their profession, as well as provide that certain acts shall have been performed before the machinery of the courts is put in operation.

Sec. 4198, Rev. Codes, provides: ''All pleadings filed in the district courts or supreme court of this state shall be signed by a resident attorney of the state of Idaho, who shall state his residence or postoffice address; and the name of a resident attorney shall be indorsed on all summons issued out of the district courts, and all pleadings required to be verified shall be verified by a party to the action, or any attorney residing in the state of Idaho and regularly admitted to prac-tice in the courts of this state.''

Where nonresident attorneys are admitted to practice in this state under sec. 3994, as amended, *supra,* it is necessary, in order that they be permitted to appear in the courts of this state, that they have associated with them a resident attorney, whose name shall appear upon all pleadings filed in the district court or in the supreme court, and whose residence or postoffice address shall be indorsed upon the summons issued out of the district court; and all pleadings required to be veri-fied shall be verified by a party to the action, or any at-

torney residing in the state of Idaho and regularly admitted to practice in the courts of this state. This section is intended to provide for the employment of a resident attorney of this state, who shall be held primarily responsible by, and answerable to, the courts of this state, for all proceedings had in connection with the litigation before the courts. The employment of resident attorneys under this section is not to be considered as a mere subterfuge, or that there is a compliance with the spirit of said section, where an arrangement is made that the name of an attorney may be used as an accommodation, only. The employment must be *bona fide* and in good faith. Courts will look to resident counsel in the first instance, and require at their hands the same careful consideration and attention to the business that is entrusted to their care, when associated with counsel of sister states or territories, as if they were conducting such cases alone. Their liability will, in every respect, be the same when associated with counsel who are not residents of the state, as it would under any other circumstances. An attorney of this state lending his name to be used as an attorney and counselor by any other person who is not an attorney and counselor, within the meaning of the provisions of our statutes regulating the right to practice law in this state, is subject to disbarment, and for that reason, resident counsel are entitled to charge and exact an adequate fee for services rendered when associated with counsel who are not residents of this state.

It is conceded that W. B. Mitchell has not been admitted to practice law in this state under the provisions of sec. 3991, Rev. Codes, as amended, *supra,* or under the provisions of sec. 3994, Rev. Codes, as amended, *supra;* in other words, the said W. B. Mitchell has not been admitted either upon an examination in open court, or under license or certificate from the highest court of another state or territory, under which certificate or license, he has been engaged in the practice of law as a principal occupation for not less than three years immediately preceding the date of application for admission to practice in this state. This being true, his ap-

pearance in this court, as well as in the district court, was not authorized by the laws of this state.

We do not wish to be understood as holding that the district courts, as well as this court, have not the inherent power, as a matter of comity, to permit an attorney from a sister state or territory to present argument in any pending case, but even this prerogative should not be abused, and where attorneys from sister states or territories have business which requires their intermittent appearance in the courts of this state, it is quite proper that they should comply with the provisions of the laws of this state regulating the right to engage in the practice of their profession within this jurisdiction.

It is, therefore, ordered that the name of the said W. B. Mitchell as an attorney be, and the same is, hereby, stricken from all of the papers and files originally filed in this court; and it is further ordered that the said W. B. Mitchell is hereby prohibited from further appearing as an attorney in this court, or in the district courts of this state, until such time as he has fully complied with the provisions of the statutes of this state regulating the right of an attorney to engage in the practice of law in this jurisdiction.

Counsel for appellant also moved this court ''to strike from the files the brief entitled 'Respondents' Answer Brief,' and signed as follows: 'W. B. Mitchell, Attorney for Respondents by leave of District Court,' . . . .'' for the reason that said brief is ''couched in language disrespectful to the court and court officers and unbecoming an attorney and officer of the court, and that it is devoted largely and chiefly to personalities, vituperation and abuse which is in no way connected with or supported by the record in the case. . . . .''

We have examined the brief designated ''Respondents' Answer Brief,'' and find that it is subject to the motion, and is devoted largely to personalities, vituperation and abuse directed against one of the attorneys for the appellant which, from the facts in this case, are unwarranted, and can be of no assistance to this court in reaching a correct determination of the legal questions involved. Respondents' answer brief is

hereby stricken from the files.   The respondents in this case, however, are allowed thirty days within which to file and serve a substitute brief in lieu of respondents' answer brief.

Sullivan, C. J., and Morgan, J., concur.