(July 1, 1916.)

JOHN KYNASTON and STELLA KYNASTON, His Wife, Appellants, v. JOHN A. THORPE and ANNIE B. HALVORSEN, Respondents.

[158 Pac. 790.]

JUDGMENT BY DEFAULT—MOTION TO VACATE—SUFFICIENCY OF SHOWING.

1.  Granting or refusing to grant a motion to vacate a judgment and set aside a default which have been permitted to be taken and entered through mistake, inadvertence, surprise or excusable neglect is a matter .which rests largely within the sound judicial discretion of the trial judge, and his action in so doing will not be reversed except in cases wherein that discretion has been abused.   Where, however, the application was heard on affidavits and the files in the action, and the supreme court has all the showing before it that was before the trial.judge who passed upon the motion, it is in as favorable a position to consider the matter as he was, and will examine and be governed by the facts so disclosed.

2. The facts upon which the order vacating the judgment and setting aside the default was based, examined, and *held* to be insufficient to justify the court in making such order.

[As to opening or vacating judgments because of negligence or inadvertence of attorney, see notes in 80 Am. St. 264; 96 Am. St. 108.]

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. J. J. Guheen, Judge.

Motion to vacate a judgment and set aside a default. Motion granted. Plaintiff appeals. *Reversed.*

Budge & Barnard, for Appellants.

To justify the court in setting aside the default judgment the applicant must show that the default occurred by reason of mistake, inadvertence, surprise or excusable neglect, and he must also show that he has a good defense to the cause of action set forth in the complaint. (*Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539.)

An applicant to set aside a default judgment must show that he has acted in good faith and exercised due diligence in the prosecution and protection of his rights, such as an ordinarily prudent man would exercise under similar conditions. (*Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7.)

Respondent is no more entitled to be relieved from the default because of the neglect of Douglas than he would be for the neglect of his attorney, if such attorney had been negligent. In either case it would be the fault of an agent intrusted to discharge a certain duty. (*Thomas v. Chambers,* 14 Mont. 423, 36 Pac. 814; *Liverpool etc. Ins. Co. v. Perrin,* 10 N. M. 90, 61 Pac. 124; *Ramey v. Smith,* 56 Wash. 604, 106 Pac. 160; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505.) The neglect of Douglas, Thorpe's agent, was the neglect of Thorpe, and was not sufficient ground to justify the court in vacating the judgment. (*Texas Fire Ins. Co. v. Berry,* 33 Tex. Civ. 228, 76 S. W. 219; *Morris v. Liverpool etc. Ins. Co.,* 131

N. C. 212, 42 S. E. 577; *Warner v. Miner,* 41 Wash. 98, 82 Pac. 1033.)

McDougall & Jones, for Respondents.

It is clearly within the discretion of the trial judge to vacate a judgment entered by mistake, etc. (Sec. 4229, Rev. Codes.) Application for relief under this section is addressed to the sound legal discretion of the trial judge. (*Watson v. San Francisco & H. B. R. Co.,* 41 Cal. 17; *Melde v. Reynolds,* 129 Cal. 308, 311, 61 Pac. 932; *Winchester v. Black,* 134 Cal. 125, 127, 66 Pac. 197; *Hanthorn v. Oliver,* 32 Or. 57, 62, 67 Am. St. 518, 51 Pac. 440; *Coos Bay Nav. Co. v. Endicott,* 34 Or. 573, 574, 57 Pac. 61.)

"The order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion; and in determining the question of discretion, the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings, so as to dispose of cases upon their substantial merits." (*Miller v. Carr,* 116 Cal. 378, 58 Am. St. 180, 48 Pac. 324; *Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212; *Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Pease v. Kootenai County,* 7 Ida. 731, 65 Pac. 432; *Western Loan & Sav. Co. v. Smith,* 12 Ida. 94, 103, 85 Pac. 1084; *Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Vane v. Jones,* 13 Ida. 21, 88 Pac. 1058; *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Culver v. Mt. Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Morbeck v. Bradford-Kennedy Co.,* 19 Ida. 83, 113 Pac. 89; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Brooks v. Orchard Land Co., Ltd.,* 21 Ida. 212, 121 Pac. 101.)

MORGAN, J.—This action was commenced for the purpose of procuring a decree of the district court quieting appellant's title to the waters of a certain stream in Bannock county. The complaint was filed on July 21, 1913, and summons was thereupon issued and served upon respondent and his codefendant, Annie B. Halvorsen. On August 19, both

defendants appeared and demurred to the complaint. On December 12th of the same year the demurrer was withdrawn and the defendants were given twenty-five days within which to serve and file an answer. On January 27, 1914, no answer having been served or filed, judgment by default was entered. On July 20th of that year a motion to vacate the judgment and set aside the default was filed, based upon the grounds: First, that they were permitted to be taken and entered through mistake, inadvertence and excusable neglect on the part of respondent; second, that the judgment does not conform to the allegations in or the prayer of the complaint. The motion was based upon the records and files of the action and was supported by certain affidavits, among them being one made by respondent showing that he first became aware that a default had been entered against him on or about May 21, 1914. On May 15, 1915, an order was entered granting the motion upon the ground first above mentioned. This appeal is from that order.

It has been frequently decided by this court, and may be said to be a settled rule, that granting or refusing to grant a motion to vacate a judgment and set aside a default which have been permitted to be taken and entered through mistake, inadvertence, surprise or excusable neglect is a matter which rests largely within the sound judicial discretion of the trial judge, and that his action in so doing will not be reversed except in cases wherein that discretion has been abused. In cases of this kind, however, this rule is to be applied together with the one announced in case of *Hall v. Whittier*, 20 Ida. 120, 116 Pac. 1031, wherein it was said "The application was heard on affidavits and files in the case, and we have all the showing before this court that was before the trial judge who granted the motion, and we are therefore in as favorable a position for considering the matter as was the trial judge. (*Parsons v. Wrble*, 19 Ida. 619, 115 Pac. 8; *Van Camp v. Emery*, 13 Ida. 202, 89 Pac. 752.)" We will therefore examine and be governed by the facts relied upon by respondent, which are undisputed.

It appears that after being served with the summons, and before the time for answer had expired, respondent and his codefendant consulted and retained an attorney, paid him a portion of an agreed retainer fee, and promised to pay the balance thereof within a few days after returning to their homes, which are located several miles from the city wherein the attorney resides; that before going home respondent saw one Douglas, who was indebted to him, and with whom he arranged to pay the balance due from him to the attorney; that although Douglas promised respondent to make the payment to the attorney, he forgot all about it and went to California without doing so. It further appears that the attorney filed the demurrer and stood ready to prepare and file an answer for both defendants, and a cross-complaint on behalf of respondent, upon receiving the balance of his fee; that he heard nothing from either of his clients, and upon being asked by counsel for appellants what action he intended to take with respect to the demurrer, he consented that it might be overruled, and was granted twenty-five days within which to answer, as hereinbefore stated. The attorney wrote to his clients relative to the case, but his letters to Thorpe were directed to the wrong address and were not delivered to him nor were they returned to the writer. Respondent presented with his motion an answer and cross-complaint, which appear, if true, to state a complete defense to the cause of action alleged in the complaint and a good cause of action against appellants.

From the foregoing it will be seen that twenty days elapsed after the answer was due and before the entry of judgment; that after employing counsel and arranging with Douglas to pay the balance due on his fee more than nine months intervened, during which respondent made no inquiry about the matter, nor does he appear to have sought to ascertain whether or not the fee had been paid or whether or not his interests were being safeguarded, and that, after being informed that a default judgment had been taken against him, nearly two months more were permitted to go by, during which he did not offer to make an appearance. It does not

seem to us that respondent has conducted himself in this matter as a reasonably prudent man would do under like circumstances, and that his neglect, for so long a time, to look after his important business is not excused or satisfactorily explained by the showing made.

It is not contended that the attorney was taken by surprise, nor that the entry of the default and judgment was due to any neglect upon his part. He knew that he had twenty-five days within which to answer after the demurrer was withdrawn, and he did not do so because his fee was not paid according to the agreement with his clients. In this he was within his rights. An attorney is not bound to extend credit to his clients, particularly when no agreement has been made that he shall do so. When he withdrew the demurrer he was still acting for respondent, and respondent was bound by his acts. (*Thomas v. Chambers,* 14 Mont. 423, 36 Pac. 814; *Liverpool & L. & G. Ins. Co. v. Perrin,* 10 N. M. 90, 61 Pac. 124; *Ramey v. Smith,* 56 Wash. 604, 106 Pac. 160.)

In his affidavit respondent says: ''That it was entirely through mistake, inadvertence and misunderstanding that the said judgment by default was entered; that I was ready at all times with my witnesses to come to Pocatello when notified that the case had been set or that my presence was required, and if I had received word, or had been advised that Mr. Douglas had not paid the balance of my retainer fee to Colonel Ferguson, I would have sent him the same; and it was wholly due to said mistake, inadvertence and neglect of the said Douglas that I was prevented from appearing and answering in this action.''

The only reason offered for the failure to make the payment of the fee and thereby complete the arrangement with the attorney to look after the case is that Douglas ''forgot all about it.'' Had respondent sought to explain his failure to complete the employment of his attorney upon the ground that he forgot to pay the fee, it would hardly be contended that the excuse would be sufficient. When he arranged with Douglas to make the payment, he constituted the latter his

agent to perform that duty, and is bound by his failure to do so.

The contention that the judgment does not conform to the allegations of the complaint nor to the prayer thereof is not sustained by the record.

We conclude that the action of the trial judge in vacating the judgment and setting aside the default was an abuse of judicial discretion. The order appealed from is reversed. Costs are awarded to appellants.

Sullivan, C. J., concurs.

DAVIS, District Judge, Dissenting.—The defendant in this case employed an attorney and paid him in part, apparently expecting the attorney to protect his interests thereafter. The attorney promised to file a demurrer for the defendant, and there is nothing in the record to indicate that anything was said or done to give the defendant warning that the attorney would not do everything necessary to bring the defendant's case to trial. But the attorney withdrew the demurrer which he filed and failed to answer within the time allowed, because the balance of his fee was not paid as agreed. He assumed, probably, that the defendant did not care to proceed further, since no answer to his letters was received—an excusable mistake, surely. He did not know that the defendant failed to get the letters. The defendant trusted to the promise of a man who owed him to pay his attorney the money and he failed to do so. The gravamen of this defendant's offending seems to be that he trusted a friend and relied upon his attorney not wisely but too well. He should have been more diligent in his own behalf, but it seems to me that he may reasonably be excused for his negligence in this respect. It is not an unreasonable mistake for a man to trust another to pay money as promised, or to rely upon his attorney, without subsequently inquiring as to whether or not they are doing what is expected of them. It is within reason for a client to think that his attorney retained to go ahead with the case will protect his interests until he is informed to the contrary.

This court has frequently announced that the opinion of the district court in setting aside a default will be sustained unless it is clearly apparent that such action is an abuse of the discretion vested in such court. In this case the district court decided that it was consistent with the law and more equitable and just that the default entered against defendant Thorpe be set aside and the issues determined upon their merits. In that opinion I concur. I am therefore constrained to dissent from the judgment of the majority of this court in reversing such order.

It is not necessary for the members of this court to entertain the view that if this matter were presented to them in the first instance, they would have acted as the district court did, in order to sustain its decision. Where there is reasonable ground to justify the order of the district court in setting aside a default, in view of the discretion vested in such court, its action should be sustained. An "abuse of discretion" means clearly wrong, unreasonable, unjust or illegal. In my opinion, where trained minds may reasonably differ in interpreting the facts applicable to a particular case and in passing upon the question whether or not the circumstances warrant a finding that a default was entered through the surprise, inadvertence, mistake or excusable neglect of a defendant, the opinion of the court vested with the discretion in the first instance should prevail. The harsh results that sometimes follow a technical interpretation of conditions allowing defaults shock the conscience and destroy the confidence of those who would otherwise believe that our courts are fountains of justice and are constantly open to right wrongs. An interpretation of the law so strict that it prevents the trial of a case on its merits without excellent cause establishes a standard of business diligence too formal and hard to be consistent with the usual and ordinary conduct of affairs by the substantial average citizen. And such a standard is not necessary, nor required by the law, in my opinion. The most painstaking care and foresight of a very cautious and careful business man is not necessarily required; neither are indifference, careless delay, slight or trivial ex-

cuses to be accepted. Sec. 4229 of the Revised Statutes was evidently enacted for the express purpose of relieving parties from the result of a strict interpretation of the technical rules of procedure, and it should be given a liberal and sensible interpretation to promote justice.

As a general principle, where there is a reasonable doubt that a default has been properly entered, it should be set aside, so that the case may be tried on its merits. And especially is this true in this action, since the defendant has pleaded that certain water claimed by the plaintiff can be used by the defendant, but cannot be used by the plaintiff, because it sinks before reaching plaintiff's point of diversion, which, if true, would greatly injure the defendant and would do the plaintiff no good whatever, and would have the effect of wasting valuable irrigation water. It is a public question in a sense, also, for the state is interested in having all the available water of its springs and streams used in the most beneficial manner.

Apparently the plaintiff can be fully protected in all his rights by requiring the defendant to reimburse him for any expense incurred incident to such order setting aside the default.

I think that the decision of the district court appealed from should be sustained.