(July 7, 1919.)

R. S. GREEN and WILLIAM LAW, Copartners Doing Business Under the Firm Name and Style of GREEN & LAW, Appellants, v. C. W. CRANEY, Respondent.

[182 Pac. 852.]

APPEAL AND ERROR—PLEADING AND PRACTICE—JUDGMENT ON PLEADINGS
—ORDER VACATING JUDGMENT.

1. On appeal from an order vacating a judgment for plaintiff, on the pleadings, the sufficiency of the facts stated in the answer

to constitute a defense cannot be urged, for the first time, in the supreme court.

2. An affidavit, filed after judgment for plaintiff on the pleadings to the effect that defendant and his attorney believed the allegations of the answer sufficient to constitute a defense, does not show mistake, inadvertence, surprise or excusable neglect as meant by C. L., sec. 4229, and will not support an order vacating the judgment.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. R. N. Dunn, Judge.

Appeal from an order vacating a judgment for plaintiff. *Reversed.*

Elder & Elder, for Appellants.

The respondent sought to have the judgment which was entered in this case set aside and annulled under the provisions of sec. 4229, Rev. Codes. However, this court has repeatedly held that a showing made under this section, in order to entitle the court to grant relief from the judgment, must establish facts which show excusable neglect, inadvertence and surprise, and must also show that the party seeking relief has a meritorious defense. He claims relief from the judgment on the ground that his attorney failed to set forth the necessary facts. The failure of an attorney to properly attend to his client's case will not bring the party within the provisions of this statute. (*Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Kynaston v. Thorpe,* 29 Ida. 302, 158 Pac. 790; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7.)

Ezra R. Whitla and E. N. La Veine, for Respondent.

A judgment on the pleadings should not be granted where a reply was filed, but was insufficient. Uncertainty in a pleading is never grounds for a judgment on the pleading. (*Harris v. Harris,* 9 Colo. App. 211, 47 Pac. 841; 31 Cyc. 607; *Rice v. Bush,* 16 Colo. 484, 27 Pac. 720; *Davis v. Ford,* 15 Wash. 107, 45 Pac. 739, 46 Pac. 393; *Walling v. Bown,* 9 Ida.

184, 72 Pac. 960; *Mills Novelty Co. v. Dunbar*, 11 Ida. 671, 83 Pac. 932; *Davenport v. Burke*, 27 Ida. 464, 149 Pac. 511.)

MORGAN, C. J.—This action was commenced by appellants to recover on a judgment made and entered against respondent in Cherokee county, Kansas. An answer was filed, and, on motion of appellants, the court granted judgment in their favor on the pleadings. Respondent moved that the judgment be set aside and for permission to file and serve an amended answer, on the following grounds:

"1st. That said judgment was rendered against this defendant by his excusable mistake, inadvertence and surprise.

"2d. That at the time said judgment was rendered an order had been made in the above-entitled court sustaining the demurrer to the answer and under the rules of the court, particularly rule six thereof, the defendant was entitled to five days after the service of the order sustaining said demurrer, or notice thereof, in which to file and serve an amended answer herein, and that said judgment was rendered during said time upon the pleadings when defendant was entitled to file and serve an amended answer in this action.

"3d. That defendant has a good and meritorious defense to said action as will appear by the verified amended answer, a copy of which is submitted herewith and served herewith, and the entry of said judgment against defendant was caused by his excusable neglect, surprise and mistake, and said defendant intended at all times and stages to appear and defend said action and to present his defense herein, and that in justice he should be entitled and allowed to file and serve said amended answer and have said cause determined upon the merits."

The motion was granted and this appeal is from that order.

The order does not designate the ground on which it was granted, but it is apparent it was not based on the second specification in the motion, i. e., that the judgment was rendered during a period of time provided by the rules of the district court within which respondent might file and serve an amended answer.

While the transcript contains a copy of an order sustaining a demurrer to the answer, which bears the same filing date as does the judgment, and which appears to have been made the day before it was filed, it does not contain a copy of the demurrer, nor any reference to it other than that to be found in the order, nor is such a document mentioned in either the praecipe, the certificate of the clerk to the transcript or that of the trial judge as to the papers, records and files used and considered by him in disposing of the motion. We conclude that if such a demurrer was filed and was disposed of, as appears from the order, and if time within which to amend was fixed by the court rules, as stated in respondent's motion, the time must have been waived or, for some other sufficient reason, the point was not considered by the trial court and is not properly here for review.

Respondent contends his original answer states a defense to the cause of action set forth in appellants' complaint and, therefore, the entry of judgment on the pleadings was erroneous. If that is true, the error might have been corrected by appeal from the judgment, had one been taken. No such contention was made in the district court in support of respondent's motion, and it may well be doubted whether a trial court has power to vacate a judgment for such a cause, a point not necessary to decide, for if it has not such power appeal is the only remedy and if it has such power that ground of relief was waived in this case by failure to specify it in support of the motion. Be that as it may, the sufficiency of the answer cannot be urged for the first time in the supreme court in a case of this kind.

C. L., sec. 4229, provides: "The court may . . . . relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect: . . . . "

In support of his motion to vacate the judgment respondent presented an amended answer containing allegations which, it is contended, show the Kansas court to have been without jurisdiction to enter the judgment which forms the basis of this action. He also filed an affidavit in which he stated that

the judgment was taken against him through his excusable neglect, surprise and mistake, and that both he and his attorney thought the lack of jurisdiction of the Kansas court had been sufficiently pleaded in the original answer. That statement constitutes the only showing made of ''excusable neglect, surprise and mistake,'' and it is insufficient to support the order vacating the judgment. (*Domer v. Stone,* 27 Ida. 279, 149 Pac. 505.)

The order appealed from is reversed. Costs are awarded to appellants.

Rice and Budge, JJ., concur.