(November 24, 1920.)

## E. C. TICKNOR, Appellant, v. CHARLES Q. McGINNIS, Respondent.

[193 Pac. 850.]

JUDGMENT BY DEFAULT—MOTION TO VACATE—SUFFICIENCY OF SHOWING —CONTRACTS—CONSIDERATION—COMPROMISE.

1. While the granting or refusing to grant a motion to vacate a judgment and set aside a default, where right to relief is based on the claim that they have been permitted to be taken and entered through mistake, inadvertence, surprise or excusable neglect, is a matter which rests largely in the discretion of the trial judge, reference is always had in stating that rule to a sound, judicial, reviewable discretion, in the exercise of which courts must bear in mind a judgment is property of which the owner must not be deprived without due process of law, and the mistake or neglect, to be sufficient, must be such as may be expected on the part of a reasonably prudent person situated as was the party against whom the judgment was entered.

1. Statutes authorizing setting aside judgments by default, see note in 58 **Am. Dec.** 392.

On lack of actual notice in case of constructive service as ground for relief, under a statute permitting opening of a judgment for mistake, inadvertence, surprise or excusable negligence, see note in 31 **L. R. A., N. S.,** 1068.

2. If a claim is made in good faith for unliquidated damages and is disputed and, by way of compromise, the claimant promises to forbear to sue on it, and the one against whom it is made promises to pay a sum of money in full satisfaction of the claim, the agreement is based on a valuable consideration, and may be enforced in an action at law.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action on contract. Judgment by default set aside. *Order reversed.*

Sweeley & Sweeley, for Appellant.

The district court erred in sustaining the motion of defendant to set aside the judgment. There was no sufficient showing of mistake, inadvertence, surprise or excusable neglect on the part of the defendant. The proposed answer of the defendant is not a sufficient showing of merit to constitute a defense to the action. The district court abused its discretion in sustaining the motion. (*Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Vollmer Clearwater Co. v. Grunewald,* 21 Ida. 777, 124 Pac. 278; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Kynaston v. Thorpe,* 29 Ida. 302, 158 Pac. 790; *Valley State Bank v. Post Falls etc. Co.,* 29 Ida. 587, 161 Pac. 242.)

Turner K. Hackman, for Respondent.

The allegations of the complaint do not state facts sufficient to constitute a cause of action; therefore, the court acted properly in setting aside the judgment. (1 Page on the Law of Contracts, sec. 512.)

"Judgment by default cannot be rendered upon a complaint which, given every reasonable intendment, does not state facts sufficient to constitute a cause of action." (14 Standard Ency. of Proc. 859.)

2. Accord and satisfaction of unliquidated claim in tort, see note in 109 Am. St. 417.

"The allegation of material facts, or omission of them, in a complaint constitute a guide for the defendant in determining whether he will answer, appear or suffer default." (*Doud etc. Co. v. Duluth etc. Co.,* 55 Minn. 53, 56 N. W. 463.)

"Where the petition omits the necessary averment to show liability against the defendant, the court may, and should even upon default, refuse to enter judgment." (*Bosch v. Kassing,* 64 Iowa, 312, 20 N. W. 454; *Choynski v. Cohen,* 39 Cal. 501, 2 Am. Rep. 476; *Abbe v. Marr,* 14 Cal. 210.)

The application was addressed to the sound discretion of the court, and a proper showing was made of inadvertence, surprise and excusable negligence sufficient to sustain the allegations of the motion. (*Pittock v. Pittock,* 15 Ida. 426, 98 Pac. 719; *Pease v. County of Kootenai,* 7 Ida. 735, 65 Pac. 432; *Humphreys v. Idaho Gold Mines etc. Co.,* 21 Ida. 126, 135, 120 Pac. 823, 40 L. R. A., N. S., 817; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.)

MORGAN, C. J.—Summons and complaint were served on respondent, personally, in Twin Falls county on December 22, 1917. On January 17, 1918, he having failed to appear and answer and the time provided by law and stated in the summons within which to do so having expired, his default and a judgment against him were entered. He moved that the judgment be set aside and for permission to file an answer. The case is here on appeal from an order granting the motion.

After discussing the merits of his proposed defense respondent, in his affidavit filed in support of the motion, alleged as his reason for neglecting to answer that after he was served with summons and complaint he "inquired among his neighbors as to the time of court, and as to the employment of counsel, and that his information was that no term of court would be convened until in the month of May or possibly a special term in the month of February; and that affiant would have ample time, therefore, to employ counsel to prepare for his defense, and that it was his

purpose and intent to make a defense by employing counsel; that believing that he was using full diligence, affiant came to Twin Falls and ascertained on the twenty-second day of January, 1918, that default had been entered against him on the seventeenth day of January, 1918, only six days previous to his investigation, and that the term of court had begun on the fourteenth day of January, 1918; that said term had been begun at said time instead of in May, as had theretofore been the case.''

The motion was made pursuant to C. S., sec. 6726, wherein it is provided that the court may, in furtherance of justice, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect.

The showing is insufficient to justify the order vacating the judgment and setting aside the default. The summons, a copy of which was delivered to respondent on December 22, 1917, contained this statement for his information and guidance: ''And you are hereby directed to appear and answer said complaint within twenty days of the service of this summons; . . . . and you are further notified that unless you so appear and answer said complaint within the time herein specified, the plaintiff will take judgment against you as prayed, in said complaint.''

If respondent desired to do so, he could disregard the solemn admonition and warning contained in that document and resort for information to inquiry ''among his neighbors as to the time of court, and as to the employment of counsel,'' but if he did so and was misled to his injury, he has no one· to blame but himself, nor can his negligence in so doing be held to be excusable.

While the granting or refusing to grant a motion to vacate a judgment and set aside a default, where right to relief is based on the claim that they have been permitted to be taken and entered through mistake, inadvertence, surprise or excusable neglect, is a matter which rests largely in the discretion of the trial judge, reference is always had in stating that rule to a sound, judicial, reviewable discretion, in the exercise of which courts must bear in mind a judgment

is property of which the owner must not be deprived without due process of law, and the mistake or neglect, to be sufficient, must be such as may be expected on the part of a reasonably prudent person situated as was the party against whom the judgment was entered. (*Kynaston v. Thorpe,* 29 Ida. 302, 158 Pac. 790; *Valley State Bank v. Post Falls etc. Co.,* 29 Ida. 587, 161 Pac. 242; *Green v. Craney,* 32 Ida. 338, 182 Pac. 852.)

Respondent insists the complaint does not state facts sufficient to constitute a cause of action, and urges that as a reason why this court should sustain the order setting aside the judgment. The sufficiency of the complaint was not called in question in the district court, and the order from which this appeal is prosecuted, and which is alone before us for review, recites the reason for granting it to be that the judgment was rendered through mistake, surprise or excusable neglect of respondent, and that he appeared to have a valid and substantial defense to the action on the merits.

There is grave doubt as to the right to have the sufficiency of the complaint inquired into when called in question for the first time on appeal from an order sustaining a motion to vacate a judgment. Assuming the question to be properly before us, we have examined the complaint and find it states a cause of action.

It is alleged appellant claimed damages in excess of $2,000 against respondent, who was a physician and surgeon, for malpractice in the treatment of a dislocation of the former's shoulder; that the claim was compromised and it was agreed respondent would pay, and appellant would accept, $500 in settlement thereof; that it was further agreed respondent would make, execute and deliver to appellant his promissory note for the $500, due in one year with interest at 5% per annum; that appellant was ready and willing to release respondent from his claim for unliquidated damages upon delivery of the note and that execution and delivery thereof had been demanded, but that respondent failed and refused

to execute and deliver the note or to pay to appellant the sum of $500 in accordance with the agreement.

Respondent insists the agreement to pay the $500 is unenforceable because there is no consideration to support it, and that the proposal to give his note and receive a release from the claim for damages was never acted on. If, as alleged in the complaint, appellant demanded the note and tendered a release from, and satisfaction in full of, his claim for damages, the agreement was acted on as completely as it would have been had respondent tendered his note and demanded the release.

This court said in *Heath v. Potlatch Lumber Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707: "In such cases it is sufficient if the plaintiff in good faith makes a claim and the defendant disputes such claim, and in consideration of the plaintiff's forbearance to sue in respect to such claim promises to pay plaintiff a certain sum of money. In such case there is a consideration for such promise, and the same may be enforced in an action at law."

The order appealed from is reversed. Costs are awarded to appellant.

Rice, J., concurs.

Budge, J., concurs in the conclusion reached.