(No. 6030. December 12, 1933.)

H. S. ROBERTS and MAY C. ROBERTS, His Wife, Respondents, v. FRANK WEHE, MARY WEHE, His Wife, JOS. G. ALLEN, JOHN G. ROBERTSON, T. R. ROUNTREE, R. C. RACER, A. DOE, B. DOE and C. DOE, Defendants; JOHN G. ROBERTSON and JOHN G. ROBERTSON, Trustee for BERTHA NEMIR, Appellant.

[27 Pac. (2d) 964.]

Tannahill & Durham and Lynn W. Culp, Sr., for Appellant.

784

A. S. Hardy, for Respondents.

BUDGE, C. J.—On August 1, 1931, respondents instituted this action to quiet title in the district court. Bertha Nemir, movant, is the appellant. Jos. G. Allen, one of the defendants, was the trustee of Bertha Nemir. Bertha Nemir upon receiving notice from her trustee of the bringing of the action retained the services of John G. Robertson, a practicing attorney at law of the state of California. Robertson obtained a deed to the interest of Bertha Nemir from her trustee, Allen, and appeared in the case by an answer. Upon the trial of the cause Robertson failed to appear and default was taken against him and Jos. G. Allen and judgment in favor of plaintiffs was duly filed on May 28, 1932. On November 17, 1932, Bertha Nemir, through her attorneys Culp & Culp, residing at Oakland, California, filed a motion to vacate the judgment and the name "Dwight D. Leeper, Lewiston, Idaho," was placed thereon by typewriter as one of the attorneys for the movant. Honorable Dwight D. Leeper was appointed to and became a member of the supreme court of the state of Idaho on the first day of January, 1932. The motion to vacate the judgment was filed on November 17, 1932, ten months and sixteen days after Justice Leeper was appointed a member of this court. On January 5, 1933, nearly eight months after the entry of the default judgment, and more than six months after the adjournment of the term at which it was rendered, the

motion to vacate the default judgment was noticed for hearing and the name of the firm of ''Tannahill & Durham,'' resident attorneys, was affixed to the notice. The grounds of the motion are based upon that portion of I. C. A., sec. 5–905, providing that relief from a default judgment entered against a party through his mistake, inadvertence, surprise or excusable neglect may be granted where:

'' . . . . the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the court, or the judge thereof in vacation, may grant the relief upon application made within a reasonable time, *not exceeding six months after the adjournment of the term.*''

or that portion of I. C. A., sec. 5–905, providing that:

''Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, *upon application filed within the time above limited,* set aside such judgment, order or proceeding. . . . . ''

Whether the movant moves upon the ground of ''mistake, inadvertence, surprise or excusable neglect'' or by reason of the ''neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor,'' the application to vacate the judgment must be ''made within a reasonable time, not exceeding six months after the adjournment of the term.'' (I. C. A., sec. 5–905; *Miller v. Prout,* 32 Ida. 728, 187 Pac. 948; *McAllister v. Erickson,* 45 Ida. 211, 261 Pac. 242.) The term at which the judgment was entered was adjourned May 21, 1932. I. C. A., sec. 5–701, provides:

''All pleadings filed in the district court or Supreme Court of this state shall be signed by a resident attorney of the state of Idaho. . . . . ''

It is conceded that Culp & Culp were not resident attorneys of the state of Idaho when the motion and notice

of motion to vacate the judgment were filed. In *Anderson v. Coolin,* 27 Ida. 334, 149 Pac. 286, 289, it was held:

"Where nonresident attorneys are admitted to practice in this state under sec. 3994, as amended, *supra,* it is necessary, in order that they be permitted to appear in the courts of this state, that they have associated with them a resident attorney, whose name shall appear upon all pleadings. . . . . "

The decisive point here is whether or not, within the time limited by I. C. A., sec. 5–905, a motion to vacate and set aside the judgment was filed, signed by a resident attorney of this state, it being apparent that the notice of hearing was not filed within the time fixed by said sec. 5–905, I. C. A. To overcome the operation of the provisions of said section movant relies primarily upon the attaching of the name of Dwight D. Leeper to the motion. I. C. A., sec. 1–1803, provides that:

"A justice of the Supreme Court or judge of the district court cannot act as attorney or counsel in any court, except in an action or proceeding to which he is a party on the record."

Justice Leeper was not a party on the record in this case and could not appear as counsel in the district court nor act as an attorney in said court. There was, therefore, no compliance with the provisions of I. C. A., sec. 5–905, within the time limited therein.

The judgment of the lower court is affirmed. Costs awarded to respondents.

Givens, Morgan, Holden and Wernette, JJ., concur.